Albert MOORE, Appellant,

v.

Gertrude HORN et al., Appellees.

No. 6132.

Court of Civil Appeals of Texas.
Beaumont.
June 21, 1962.

Rehearing Denied Sept. 12, 1962.

948

Marcus & Weller, Beaumont, for appellant.

Ernest Sample, Beaumont, for appellees.

STEPHENSON, Justice.

Our opinion of September 7, 1961, is withdrawn and the following substituted in its stead; to which present or amended motions for rehearing may be addressed.

Gertrude Horn, et al., as plaintiffs sued Albert Moore, as defendant in trespass to try title to recover 10 acres of land in the H. P. Savery League in Jefferson County, Texas. The defendant filed a disclaimer to the tract sued for except the northern 5 acres, which he claimed title to under the ten-year statute of limitation. The issues as to title through adverse possession were submitted to the jury and found adversely to the defendant. The trial court entered judgment for plaintiffs. The parties will be referred to herein as they were in the trial court.

■ The defendant contends there was "no evidence" to sustain the negative findings of the jury in reference to his limitation claim. The question as to "no evidence" is a question of law and is to be tested on appeal by considering only the evidence favorable to the verdict and disregarding all other evidence.

■ The two special issues submitted to the jury inquired first about any period of 10 consecutive years prior to February 9, 1952 and second about any period of 10 consecutive years prior to April 1, 1955. The original petition was filed on the first date and an amended petition on the second date. The jury answered both in the negative.

In reading the record this court has found the following evidence which is favorable to the finding of the jury: (1) There was testimony to the effect that defendant did not have possession of the five acres of land in controversy because the land was not enclosed by a fence. Witnesses testified that there were gaps in the fences in places; (2) there was testimony indicating the defendant did not have continuous possession of the land. Witnesses testified that the plaintiffs' father, Alfred J. Allridge, ran the defendant off of the land. That the defendant was absent from the land in 1928 for 10 months. That the defendant was out of the state from October 28, 1940 until February 9, 1942. That the defendant's

house was not located on the 5-acre tract of land in controversy; (3) that the land in controversy was used and occupied by the plaintiffs' father during his lifetime. The evidence showed this land was acquired by plaintiffs' father by deed dated April 19, 1920, and that he died October 31, 1947. That plaintiffs' father, after acquiring the land during his lifetime, used the land to pasture his stock; cows, a mule and a horse. That he cleared a portion of the land and cut timber for charcoal, and also for stakes which he sold. That plaintiffs' father had the land fenced; (4) there is also evidence that defendant's possession was not exclusive, and that others had cattle on this property; (5) one witness testified the adverse possession of defendant began after the death of Alfred J. Allridge. The findings of the jury in answer to the two special issues were supported by this evidence.

■ Defendant also complains of the failure of the trial court to disregard the answers of the jury and render judgment for defendant because such findings were so against the great weight and preponderance of the evidence as to be clearly wrong. This court has considered all of the evidence in the record, both favorable and unfavorable to the findings of the jury, and hold this point is without merit.

■ It is the contention of the defendant that there is no proof of record title into the plaintiffs because the counsel for plaintiffs did not state specifically that "an offer in evidence" was being made at the time some of the instruments were being identified. The statement of facts shows that the attorney for plaintiffs at the outset had his witness, a Deputy County Clerk, begin to read from the records in the County Clerk's office, an instrument into the record verbatim. In the middle of the first instrument the court interrupted the witness to call a conference with the attorneys. It is not shown what was said in the conference, but the reading of the first instrument was discontinued and from

that point on the witness was merely asked to give the date of the instrument, the volume and page of recording, the date of recording and the names of the Grantors and Grantees. Even though the counsel for plaintiffs did not specifically say he was offering the instrument in evidence, all parties together with the court acted upon his action as if it amounted to an offer. For example, counsel for defendant would make objections from time to time and the court would rule upon questions of admissibility that would not arise if the instrument was not being offered in evidence. In many instances a full description of the property was not given as the instrument was offered in evidence, but in no instance was an objection made by attorney for defendant upon the ground that the land described in the instrument was not the property involved in this suit. These instruments were not copied into the statement of facts by the court reporter. We must assume, however, that the trial court had all of these instruments in their entirety before it for examination at the time judgment was rendered for the plaintiffs. We can only presume the trial court ruled properly on the basis of the showing recited in the judgment to have been made before it and not brought forward for us to examine. Katz v. Maddox, Tex.Civ.App., 256 S.W.2d 249, Ref. N.R.E.

It is next contended on behalf of defendant that the plaintiffs cannot recover title to the property involved in this case because of two gaps in their chain of title. It was stipulated that this land was patented by the Government of Mexico to Harvey B. Savery. The title to the land passed from Harvey B. Savery to John Westcott by Bond for Title. The next instrument in the chain of title was a Power of Attorney from R. E. Wortham and Phoebe M. Wortham to M. A. Westcott. Then there is a deed from R. E. Wortham and wife through their attorney, M. A. Westcott, to J. H. Rachford and I. R. Bordages. There is a regular chain of title from J. H. Rachford and I. R. Bordages

into plaintiffs. The uncertainty arises as to whether there is a break in this chain of title between John Westcott and Phoebe Westcott Wortham. Plaintiffs insist this link is furnished by a judgment aided by the pleadings in Cause No. 1056, in the District Court of Jefferson County, Texas, styled M. A. Westcott versus A. H. Baker and wife, Hattie P. Baker, in which case Phoebe Westcott Wortham recovered from A. H. Baker and wife, Hattie P. Baker, the title to the property involved in this present suit. The First Amended petition filed September 9, 1887, therein contained the following recitation:

"* * * That by the last will of said John Westcott, made prior to his death, he bequeathed and devised forever in fee simple title to his son, John H. Westcott, the entire tract of land hereinbefore described, and that the said John H. Westcott died in 1868, leaving the plaintiff, Phoebe M. Westcott, his only child and heir at law, * * *."

The judgment makes no reference to the matter of heirship, but plaintiffs contend the judgment and petition together furnish the necessary proof in the chain of title. The well established rule is that if a judgment is ambiguous, then extrinsic evidence may be introduced to explain the ambiguity. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1152. But there is nothing in the judgment revealing it to be ambiguous.

Pleadings in another suit though in another court and between different parties are admissible when they contain material admissions against interest. Wise v. Hayes, Tex.Civ.App., 103 S.W.2d 477; Campbell v. McLaughlin, Tex.Com.App., 280 S.W. 189. In this case the recitation in the petition as to the will of John Westcott, and as to the heirship of John H. Westcott were self-serving and hearsay, and were not admissible in evidence as to this defendant who was not a party to such

original suit and in no way connected with a party to such original suit. House v. Stephens, Tex.Civ.App., 198 S.W. 384; Freeman v. Hawkins, 77 Tex. 498, 501, 14 S.W. 364.

 However, the amended petition had been filed 69 years, it came from a proper custodian, the office of the district clerk, and was free from suspicion in appearance. It qualified as an ancient document, and therefore is an exception to the hearsay rule. The recitals that John Westcott bequeathed this land to his son, John H. Westcott, and that Phoebe M. Westcott was the only child and heir of John H. Westcott, were competent evidence of each of these matters, and supplied the link in the chain of title. Sandmeyer v. Dolijsi, Tex.Civ. App., 203 S.W. 113; Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609. There is nothing in this record to indicate that any claim adverse to the facts stated in these recitations made in the amended petition has ever been urged.

Defendant complains of the trial court's action in refusing to strike from the evidence a petition and a citation in a case previously filed by plaintiffs' father, Alfred J. Allridge, against this defendant and later dismissed for a lack of prosecution. At the time the petition was first offered and admitted in evidence the defendant made no objection. The plaintiffs then offered the citation and return for impeachment purposes. The defendant then objected to this unless the disposition of the case was shown. Before the case was concluded the trial court admitted in evidence the docket sheet showing the case was dismissed. In the light of the manner in which this entire matter was presented to the trial court; and considering the time and the nature of the objections made, we do not believe the admission of this evidence influenced the jury in its finding, and the action of the trial court, if error, did not result in any harm to the defendant. Rule 434, Texas Rules of Civil Procedure.

Defendant also complains by Bill of Exception, to a portion of the argument to the jury by counsel for plaintiffs in reference to the filing of such suit. The argument is not contained, either in the Statement of Facts, or in the Bill of Exception. The objection in the bill to opposing counsel's argument "in connection with the court's charge", was too general to point out to this court with sufficient clarity, the error complained of. We see no merit to this point.

The judgment is affirmed.