**LONE STAR CEMENT CORPORATION,**
Relator,

v.

**J. Roll FAIR, District Judge et al.,**
Respondents.

No. B–2433.

Supreme Court of Texas.

May 5, 1971.

Rehearing Denied June 2, 1971.

Hartnett, Curry & Davidson, Neil Davidson, Irving, for relator.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Harrison, Curtis & Cooper, Dallas, Garner & Walters, Lubbock, for respondents.

## ORIGINAL PETITION FOR WRIT OF MANDAMUS

DENTON, Justice.

In this direct proceeding in this Court relator seeks a writ of mandamus against Honorable J. Roll Fair, Judge of the 101st Judicial District Court of Dallas County and alternatively, against Honorable Dallas A. Blankenship, Presiding Judge of the 1st Administrative Judicial District. B. W. Rush is also made a respondent. The writ is sought to set aside a nunc pro tunc judgment rendered by Judge Blankenship while serving as judge of the 101st District Court.

On April 20, 1966, relator, or plaintiff, filed suit in the 101st District Court on a sworn account naming as defendants Lonnie R. Chant and B. W. Rush, individually, and d/b/a Rush-Chant, Inc. On May 14, 1966, Chant filed a plea of privilege and plaintiff presented the trial court with a motion for non-suit which was thereafter granted on May 16, 1966.

At 9:30 A.M. on May 24, 1966, which was Tuesday following the expiration of twenty days after service of citation, plaintiff presented the trial court with a motion for a default judgment; however, it was not acted on at that time. At 2:30 P.M. the same day Rush filed his answer in the cause. On June 1, 1966, plaintiff filed a "Motion to Set Aside Answer" and on June 10, 1966, Judge Blankenship rendered a default judgment against B. W. Rush, d/b/a Rush-Chant, Inc.

On July 12, 1966, thirty-two days after the rendition of the judgment, Rush filed a motion for new trial. Eight days later plaintiff filed a motion to strike defendant's motion for new trial. The record discloses no action taken by the court on these motions.

On July 16, 1969, four days more than three years after his last attempt to defeat relator's claim, Rush filed a motion for entry of a judgment nunc pro tunc. The motion requested that Judge Blankenship change the recitation in the default judgment to reflect that a written answer had been filed by Rush and ordered stricken as untimely filed prior to the entry of the default judgment. Relator replied and Judge Blankenship held a hearing on the motion. On October 23, 1969, the motion was granted.

Judge Blankenship signed the amended judgment which omitted the following words which appeared in the judgment of June 10, 1966:

"Defendant though duly and legally cited and service being in all things complete, failed to appear and answer herein, * * *."

Substituted for the above were the following:

"Defendant having been duly and legally served and having filed a Written Answer herein on May 24, 1966, but said Answer having been set aside by the Court on motion of the Plaintiff because said Ànswer was not timely filed and the Defendant being in default, * * *."

On November 13, 1969, Rush filed an "Amended Motion for New Trial on Order granting Defendant's Motion for Entry of Judgment Nunc Pro Tunc." Four days later Judge Blankenship granted the motion for new trial.

Relator's appeal to the Dallas Court of Civil Appeals was dismissed. That court was of the opinion the granting of the motion for non-suit was a dismissal of the entire cause of action and consequently all subsequent proceedings were void. Lone Star Cement Corp. v. Rush, Tex.Civ.App., 456 S.W.2d 547. On application to the Court, we refused to grant a writ of error with the notation "no·reversible error."

Pending relator's motion for rehearing we granted leave to file this petition for a writ of mandamus on the question of the nunc pro tunc judgment.

### The Dismissal Order

It is our view the order of non-suit did not dismiss the entire cause. Subsequent to·Lonnie R. Chant's filing a plea of privilege, relator presented the trial court with the following order:

No. 66–3482–E

LONE STAR CEMENT CORPORATION

vs.

LONNY R. CHANT (only)

IN THE 101st JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS

On this _____ day of _____, 1966, the plantiff acting by and through his attorney, in open court requested leave to take a non-suit, and it appearing to the Court that such request is well taken and that such leave should be granted,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this cause be, and the same is hereby dismissed without prejudice to the right of plaintiff to refile same; and the costs thereof are hereby taxed against plaintiff, for which execution may issue.

JUDGE

———◆———

Judge Blankenship dated and signed the order on May 16, 1966. The Docket Sheet entry reads: "5/16/66 Plf. takes non suit vs Lonnie R. Chant." Beneath Chant's name in apparently different handwriting is the word "only."

When considered alone, the caption supports the contention that only one party was being dismissed. The body of the order purports to dismiss an entire cause, however. This is an ambiguous order. Generally, an ambiguous order may be construed in light of the motion upon which it was granted but this record contains no written motion to dismiss any party or cause. We must, therefore, follow other rules of construction. The same rules of interpretation apply in construing the meaning of a court order or judgment

as in ascertaining the meaning of other written instruments. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564 (1937).

█ The entire contents of the instrument and record should be considered. The judgment is to be read as a whole. McCoy v. Texas Power & Light Co., 239 S.W. 1105 (Tex.Com.App.1922, jdgmt adopted); State v. Starley, 413 S.W.2d 451 (Tex.Civ.App.—Corpus Christi 1967, no writ); Moore v. Horn, 359 S.W.2d 947 (Tex.Civ.App.—Beaumont 1962, writ ref'd n. r. e.). The body of this order has no reference to the party or parties affected by the non-suit. Its effect should be interpreted with reference to the entire order, and the caption may be looked to in order to ascertain the parties for and against whom the judgment was rendered. Smith v. Chenault, 48 Tex. 455 (1878); Hodges v. Robbins, 23 Tex.Civ.App. 57, 56 S.W. 565 (Houston 1900, writ ref'd). Although the record contains no motion to dismiss preceding the order, it does reflect that Lonnie R. Chant alone filed a plea of privilege. The next action taken was the entry of the dismissal order, presumably in response to Chant's plea of privilege.

█ The style in the caption of the default judgment, as well as the plaintiff's application therefor, read as follows:

LONE STAR CEMENT CORPORATION
vs.
B. W. RUSH INDIVIDUALLY, and d/b/a RUSH-CHANT, INC.

All instruments thereafter filed were captioned with the identical style. A rule of construction applicable to contracts and other like instruments directs that courts follow a reasonable construction placed on the instrument by the parties involved. This rule may also be applied to orders of courts. In re Supples' Estate, 131 S.W.2d 13 (Tex.Civ.App.—San Antonio 1939, no writ.)

█ Although the order here was poorly drawn, all parties involved in the cause, especially respondents, treated it as a dismissal as to Chant only. Relator subsequently moved for default judgment, Rush answered, the trial court rendered judgment and Rush moved for a new trial. Three years later Rush resumed his efforts to defeat the judgment seeking a nunc pro tunc to correct the "clerical error" therein. All these events occurred subsequent to the dismissal order of May 16, 1966, yet not until respondent's amended motion for new trial after entry of the nunc pro tunc judgment does the record reveal any contention that the cause of action was dismissed as to Rush. We hold that the order and record considered as a whole as well as the conduct of the parties and trial court subsequent to the order dictate a construction contrary to that of the Court of Civil Appeals. The dismissal was effective as to Lonnie R. Chant only.

### The Nunc Pro Tunc Judgment

█ The law is settled in this state that clerical errors in the entry of a judgment, previously rendered, may be corrected after the end of the court's term by a nunc pro tunc judgment; however, judicial errors in the previously rendered judgment may not be so corrected. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56 (Tex.Sup.1970); Finlay v. Jones, 435 S.W. 2d 136. (Tex.Sup.1968); Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Rule 316, Texas Rules of Civil Procedure. Whether the errors in the prior judgment are judicial or clerical is a question of law. Finlay v. Jones, supra.

Respondents take the position the granting of the motion to strike Rush's answer was judicial error, but the omission of that action from the original judgment of June 10, 1966 was a clerical error. The argument is the nunc pro tunc order here did not correct the judicial error, in that it did not change anything previously decided, but simply supplied the omission of what the trial court decided when it rendered its judgment on June 10, 1966. Respondent's position is to the effect the nunc pro tunc

judgment contained the recitations which reflected the correct rulings and judgment actually rendered by the court on June 10, 1966.

The original judgment of June 10, 1966 included one erroneous recitation; to wit: the defendant failed to appear and answer. The judgment also omitted a recitation that the answer had been set aside by the court on motion of the plaintiff, which had the effect of making the defendant in default. The defendant had been duly served, and the fact an answer had been filed before the judgment of June 10, 1966 was rendered was brought to the attention of the court. This is evidenced by the plaintiff's motion to strike the answer and a notation on the court's docket setting a hearing on such motion for June 9, 1966 at 9:00 A.M. Obviously, the recitation that the defendant "failed to appear and answer herein" was erroneous, as was the rendition of a default judgment.

We think this Court's decision in Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup.1969), is directly in point and decisive of this case. In Finlay the trial court rendered the default judgment after determining that defendant had been duly cited and had failed to answer when in fact defendant had been cited but not in the proper cause. However, he answered in the proper cause but the answer had been misplaced in another case. We held that erroneous recitations in the default judgment to the effect that the defendant had been duly served with citation, but had neither appeared nor filed an answer, were judicial and not clerical errors. As such, they could not be corrected after the end of the term at which the judgment became final, that is, after the expiration of thirty days from the date on which the original motion for new trial was overruled by operation of law.

■ Here the default judgment was rendered after granting a motion to strike the answer. Judge Blankenship had a complete record before him and knew every-thing about the case on June 10, 1966, that he knew on October 23, 1969. He made a mistaken determination that no answer was on file. In Finlay an answer was in fact filed, but misplaced. Here, an answer was in fact filed, but stricken. In Finlay the cause of the mistake was clerical while here it was judicial. However, the cause of the error is not controlling. Finlay v. Jones at 138. After Rush's answer was stricken, the record, legally and effectively, contained no answer. There being no answer, default judgment was rendered and the entry was in accordance with the rendition. Just as in Finlay, Judge Blankenship judicially determined, however erroneously, that defendant was in default.

■ We hold the determination in the original judgment that the defendant "failed to appear and answer herein," was a judicial error. Therefore, the nunc pro tunc judgment of October 23, 1969 purporting to correct the erroneous recitations and omissions was void; the order of November 17, 1969 granting the respondent a new trial is likewise void.

Writ of mandamus directing respondent Judge Dallas Blankenship or his successor Judge Roll Fair, to set aside the nunc pro tunc judgment of October 23, 1969 and the order of November 17, 1969 granting the motion for new trial will issue only if both of them decline to set them aside voluntarily.

CALVERT, Chief Justice (dissenting).

Being thoroughly convinced from the record before us that the error sought to be corrected by Judge Blankenship was a clerical and not a judicial error, I must respectfully dissent. If the error was a clerical error, the nunc pro tunc judgment of October 23, 1969 and the subsequent order granting a new trial are valid, and the prayer for a writ of mandamus should be denied.

The precise question before us is whether the finding contained in the draft of

judgment *entered*[1] in the court's minutes that the defendant "failed to appear and answer herein" is a correct record of the finding actually made by the court *in rendering* judgment or whether it is an incorrect record thereof. If it is a correct record of the finding actually made, there was a judicial error *in rendition* inasmuch as the record shows conclusively that the defendant had answered and that the judge knew it; but if it is an incorrect record of the finding actually made, the error is clerical *in the judgment's entry* and is correctable. As illustrating the difference, see for clerical errors which are correctable, Knox v. Long, 152 Tex. 291, 257 S.W. 2d 289 (1953) and Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912), and for judicial errors which are uncorrectable, Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819 (1936) and Missouri Pac. Ry. Co. v. Haynes, 82 Tex. 448, 18 S.W. 605 (1891). As said in Coleman v. Zapp, that case and Missouri Pac. Railway Co. v. Haynes

"* * * well illustrate the distinction which lies clearly defined between a suit to correct a judgment because of a mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition, and a proceeding to corrct or supply the minutes of the court so as to have them truly recite the judgment actually rendered."

The rule announced and followed in the foregoing cases is just as applicable to efforts to correct findings made by a court in the rendition of judgment as to efforts to correct errors in the decretal part of the judgment. Rule 316, Texas Rules of Civil Procedure; Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup.1969).

Although we recognized in Knox v. Long, supra, and in Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56 (Tex.Sup.1970), that a judgment may be *rendered* either by oral pronouncement from the bench or by written memorandum signed by the judge and filed with the clerk, we know that rendition by written memorandum usually occurs only in trials to a jury and then only when an oral pronouncement is not made. Without expressly so stating, the majority treat the written draft of judgment of June 10, 1966, signed by the judge and filed with the clerk, as constituting *a rendition* of judgment. If this assumption were correct, the majority's conclusion that the erroneous finding as to the failure of the defendant to appear and answer is a judicial error would also be correct; but the assumption is not correct.

The trial court conducted a hearing on August 7, 1969 to determine what orders or judgments had beeen rendered on June 10, 1966. At the conclusion of the hearing, the court, "having heard the evidence and the arguments of counsel," found "that in truth and in fact the defendant, B. W. Rush, filed a written answer herein on May 24, 1966, *that thereafter* the Court, on motion of the Plaintiff, set aside the answer of B. W. Rush because said answer was not timely filed, *and thereafter rendered* Default Judgment against B. W. Rush * * *." Having made the quoted findings, the court proceeded to render the nunc pro tunc judgment described in the majority opinion.

I emphasize that the court's quoted findings were made only after "having heard the evidence." The court was authorized to make the findings from oral evidence and his own recollection. The State v. Womack, 17 Tex. 237, 238 (1856); Kluck v. Spitzer, 54 S.W.2d 1063 (Tex.Civ.App.— Waco 1932, no writ). In the absence of a record of the evidence heard, the finding is entitled to absolute verity. I also emphasize that the court found that on motion of the plaintiff the court set aside the answer of Rush and *"thereafter rendered"* default judgment. These findings can mean only that the judge made oral pronouncements on June 10, 1966, first, that the answer of Rush was set aside, and

---

1. Emphasis mine throughout unless otherwise indicated.

**408**

second, that the plaintiff recover judgment against the defendant by default. This being so, the writing signed on June 10, 1966 did *not* constitute *a rendition* of judgment; rather, it is a written memorial of the judgment rendered by oral pronouncement. To hold that the writing constituted a *rendition* of judgment would impeach the trial court's findings that he acted on the two matters separately and in sequence rather than simultaneously.

What I have said concerning the rendition of judgment in this case clearly distinguishes it from Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup.1968). There is nothing in the record or in our opinion in Finlay v. Jones which presents the slightest indication that judgment in that case was *rendered* by oral pronouncement, or, if so rendered, that the writing did not correctly reflect the judgment rendered and findings made with respect to the matter of service of citation and answer by the defendant. In that case we were concerned only with the question of whether a judge could, nunc pro tunc, correct an error he had made in *rendering* judgment. We held that the error was judicial in the *rendition* of judgment rather than clerical in the *entry* of a judgment theretofore rendered and was unauthorized and void. We made an identical holding with respect to an effort to correct an error made in *rendering* judgment in Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56 (Tex.Sup.1970).

I would hold the nunc pro tunc judgment of October 23rd to be a valid judgment. Having so decided, I would then hold that the trial court was authorized to grant respondent's motion for new trial by virtue of the provisions of Rule 306b, Texas Rules of Civil Procedure.

WALKER, J., joins in this dissent.