**Victoria MILLS, Appellant,**

v.

**Homer MILLS, Jr., Appellee.**

**No. 4883.**

Court of Civil Appeals of Texas, Eastland.

March 11, 1976.

Brenda Solis, Dallas, for appellant.

G. C. Harris, Morgan & Crouch, Greenville, for appellee.

WALTER, Justice.

On November 6, 1974, the court entered an order dissolving the bonds of matrimony between Homer Mills, Jr. and Victoria Mills and dividing their community property. Audry Mills, the mother of Homer Mills, Jr., was appointed Managing Conservator of the couple's two children. Homer and Victoria Mills were appointed Possessory Conservators. This order contains the following:

"It is further ORDERED that the Texas Department of Public Welfare shall make an investigation as to said children and their welfare and as to the homes, conditions and circumstances of the Petitioner, the Respondent, and the Intervenor, and shall file its report with this Court upon completion of such investigation within thirty days from the date of this judgment, and a copy of such report shall be by the Clerk of this Court shall make available to each of the attorneys for the Petitioner, the Respondent and the Intervenor. After receiving such report, this Court will review its order concerning the conservatorships and support of said children."

The Department's report was not filed within thirty days as provided for in the order.

On June 2, 1975, the court rendered its final judgment concerning conservatorship. This judgment contains the following:

"The Court further finds that the possession of or access to said minor children by the Respondent, VICTORIA MILLS, is not in the best interest of said children, and that such possession of and access to them would endanger the physical or emotional welfare of said children.

It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Respondent, VICTORIA MILLS, be and she is hereby denied possession of or access to said minor children, JACQUELINE ANN MILLS and SAREN SUE MILLS."

The final judgment appointed Audry Mills Managing Conservator of the children and appointed Homer Mills, Jr. Possessory Conservator.

Victoria Mills (now Victoria Riskey) has appealed. She contends the court lost jurisdiction thirty days after its November 6, 1974, order under Rule 329b(5), T.R.C.P., which is as follows:

"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial

overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law . . ."

In *Lone Star Cement Corporation v. Fair,* 467 S.W.2d 402 (Tex.1971), the court said:

"The same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564 (1937).

The entire contents of the instrument and record should be considered. The judgment is to be read as a whole."

The interlocutory order rendered on November 6, 1974, leaves for future determination the question concerning the conservatorship and support of the children.

The June 2, 1975, judgment is the final and appealable judgment relating to the appointment of the Possessory Conservators. We hold the court had jurisdiction to render such judgment.

 Appellant's point the court erred in rendering the June 2, 1975, judgment because it is in violation of Section 11.15 of the Texas Family Code is without merit. Section 11.15 provides, "The court's findings shall be based on a preponderance of the evidence under rules generally applicable to civil cases." The appellant has not discharged her burden of showing the judgment is erroneous because no statement of facts has been filed. Before Article 2324 was amended the court reporter was required to perform his duties as set forth in the statute. Since the effective date of the amendment, "Each Official Court Reporter shall upon request:" perform the duties set forth in the statute. This amendment places a greater burden upon the litigants if they desire a record. In *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968) the court said:

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

Section 11.14(d) of Texas Family Code provides, "A record shall be made as in civil cases generally unless waived by the parties with the consent of the court."

We have considered all of appellant's points and they are overruled.

The judgment is affirmed.