NO. 07-07-0055-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 2, 2007


______________________________



ELIZABETH GUTIERREZ, APPELLANT



V.



ZURICH AMERICAN INSURANCE COMPANY AS SUBROGEE OF


HUNTER INDUSTRIES, INC. AND JOHNNIE HILL, APPELLEES


_________________________________



FROM THE 274TH DISTRICT COURT OF HAYS COUNTY;



NO. 03-1179; HONORABLE BILL HENRY, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Elizabeth Gutierrez attempts to appeal after the trial court granted a
Motion to Sever filed by Zurich American Insurance Company (Zurich) and removed
Gutierrez as a party in this case. Since Gutierrez is not a party in this suit and has no
standing to file a notice of appeal, we dismiss for want of jurisdiction.



Background 

 On August 20, 2003, Zurich filed an action against Gutierrez and Miguel Gomez
seeking damages arising from a car accident. On December 5, 2005, the trial court
granted a default judgment against Gomez and proceeded on the case as to Gutierrez. 
On July 12, 2006, Zurich filed a Motion to Sever requesting the trial court sever the
judgment against Gomez into a separate proceeding since all causes of action asserted
against Gomez had been disposed. On the same date, Zurich also moved for summary
judgment against Gutierrez. On August 8, the trial court granted Zurich's Motion to Sever
and signed a prepared severance order; however, the trial court exchanged Gutierrez's
name for Gomez's name through most of the prepared order, but not all instances. The
resulting order created a new cause number, 03-1179A, and stated that "all causes of
action pled by Plaintiff against Defendant Gomez be severed into a new cause of action
with the following cause number and style: Cause No. 03-1179A; Zurich American
Insurance Company . . . v. Elizabeth Gutierrez . . . ." 

 A review of the clerk's record in this cause of action does not contain either an order
granting Zurich's summary judgment nor Gutierrez's motion for new trial filed after August
8, 2006. However, according to Zurich's response to Gutierrez's Motion for New Trial,
which is contained in the clerk's record, the trial court granted Zurich's motion for summary
judgment on August 8 and Gutierrez filed a motion for new trial on September 7. Although
no motion for a new trial after August 8 is contained in the clerk's record, an order dated
November 14, 2006 denies Gutierrez's motion for new trial. Gutierrez filed notice of
appeal on December 13. 

Law and Analysis

 Subject matter jurisdiction is essential to the authority of a court to decide a case. 
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993). Subject
matter jurisdiction is never presumed and cannot be waived. Id. at 443-44. Subject matter
jurisdiction may be raised for the first time on appeal. Id. at 445. The issue may be raised
sua sponte by a court, and is a legal question subject to de novo review. See Mayhew v.
Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998). Standing is a component of subject matter
jurisdiction; it cannot be waived. See Tex. Ass'n of Bus., 852 S.W.2d at 443-44.

 Generally, an ambiguous order may be construed in light of the motion upon which
it was granted. Lone Star Cement Corp. v. Fair, 467 S.W.2d 402, 404 (Tex. 1971). The
same rules of interpretation apply in construing the meaning of a court order or judgment
as in ascertaining the meaning of other written instruments. Id. 404-05. The entire
contents of the instrument and record should be considered, and the instrument is to be
read as a whole. Id. at 405. 

 In reviewing the record, it would appear that the trial court severed Zurich's cause
of action against Gutierrez into the new cause of action, cause no. 03-1179A. Therefore,
Gutierrez is no longer a party in the present cause of action and, thus, does not have
standing to file an appeal. See Buckholts Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 150
(Tex.1982) (appealing party cannot complain of errors that do not injuriously affect its rights
or that merely affect the rights of others). Hence, we conclude that we do not have
jurisdiction to consider Gutierrez's appeal in this cause.

Conclusion


 For the foregoing reasons, we dismiss for want of jurisdiction. 


 Mackey K. Hancock

 Justice




                                                                                     Justice