NO. 07-07-0055-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 2, 2007
_____

ELIZABETH GUTIERREZ, APPELLANT

V.

ZURICH AMERICAN INSURANCE COMPANY AS SUBROGEE OF
HUNTER INDUSTRIES, INC. AND JOHNNIE HILL, APPELLEES
_____

FROM THE 274TH DISTRICT COURT OF HAYS COUNTY;

NO. 03-1179; HONORABLE BILL HENRY, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant Elizabeth Gutierrez attempts to appeal after the trial court granted a Motion to Sever filed by Zurich American Insurance Company (Zurich) and removed Gutierrez as a party in this case. Since Gutierrez is not a party in this suit and has no standing to file a notice of appeal, we dismiss for want of jurisdiction.

## Background

On August 20, 2003, Zurich filed an action against Gutierrez and Miguel Gomez seeking damages arising from a car accident. On December 5, 2005, the trial court granted a default judgment against Gomez and proceeded on the case as to Gutierrez. On July 12, 2006, Zurich filed a Motion to Sever requesting the trial court sever the judgment against Gomez into a separate proceeding since all causes of action asserted against Gomez had been disposed. On the same date, Zurich also moved for summary judgment against Gutierrez. On August 8, the trial court granted Zurich's Motion to Sever and signed a prepared severance order; however, the trial court exchanged Gutierrez's name for Gomez's name through most of the prepared order, but not all instances. The resulting order created a new cause number, 03-1179A, and stated that "all causes of action pled by Plaintiff against Defendant Gomez be severed into a new cause of action with the following cause number and style: Cause No. 03-1179A; Zurich American Insurance Company . . . v. Elizabeth Gutierrez . . . ."

A review of the clerk's record in this cause of action does not contain either an order granting Zurich's summary judgment nor Gutierrez's motion for new trial filed after August 8, 2006. However, according to Zurich's response to Gutierrez's Motion for New Trial, which is contained in the clerk's record, the trial court granted Zurich's motion for summary judgment on August 8 and Gutierrez filed a motion for new trial on September 7. Although no motion for a new trial after August 8 is contained in the clerk's record, an order dated November 14, 2006 denies Gutierrez's motion for new trial. Gutierrez filed notice of appeal on December 13.

2

Law and Analysis

Subject matter jurisdiction is essential to the authority of a court to decide a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993). Subject matter jurisdiction is never presumed and cannot be waived. Id. at 443-44. Subject matter jurisdiction may be raised for the first time on appeal. Id. at 445. The issue may be raised *sua sponte* by a court, and is a legal question subject to *de novo* review. See Mayhew v. Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998). Standing is a component of subject matter jurisdiction; it cannot be waived. See Tex. Ass'n of Bus., 852 S.W.2d at 443-44.

Generally, an ambiguous order may be construed in light of the motion upon which it was granted. Lone Star Cement Corp. v. Fair, 467 S.W.2d 402, 404 (Tex. 1971). The same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments. Id. 404-05. The entire contents of the instrument and record should be considered, and the instrument is to be read as a whole. Id. at 405.

In reviewing the record, it would appear that the trial court severed Zurich's cause of action against Gutierrez into the new cause of action, cause no. 03-1179A. Therefore, Gutierrez is no longer a party in the present cause of action and, thus, does not have standing to file an appeal. See Buckholts Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 150 (Tex.1982) (appealing party cannot complain of errors that do not injuriously affect its rights or that merely affect the rights of others). Hence, we conclude that we do not have jurisdiction to consider Gutierrez's appeal in this cause.

3

Conclusion

For the foregoing reasons, we dismiss for want of jurisdiction.

Mackey K. Hancock
Justice