**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00004-CV**

_____

**TWEE VU SOSA AND MITCHELL SOSA, Appellants**

**V.**

**JEFFERY MILLER, Appellee**

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-01-01576-CV**

_____

**MEMORANDUM OPINION**

This is an appeal from a final summary judgment. Appellants Twee Vu Sosa and Mitchell Sosa (the "Sosas") sued appellee Jeffery Miller ("Miller") for recovery of damages arising from an alleged sexual assault. The trial court granted summary judgment in Miller's favor. In three issues, the Sosas argue that the trial court erred and abused its discretion by excluding evidence of damages, erred in granting final

1

summary judgment against them, and erred and abused its discretion in denying their request for a new docket control order and for a continuance.

Because we hold that the trial court improperly granted Miller's motion for summary judgment, we reverse and remand.

Background

On January 31, 2020, the Sosas filed their Original Petition against Miller. The Sosas alleged claims against Miller for assault by offensive physical contact, intentional infliction of emotional distress, and loss of consortium. The Sosas sought damages of more than $1 million for (a) past and future medical expenses; (b) past and future loss of earning capacity; (c) lost wages; (d) past and future physical pain and mental anguish; (e) past and future loss of consortium; (f) attorney's fees and costs; and (g) all other damages allowed under Texas Law. Additionally, the Sosas sought exemplary damages.

On March 30, Miller filed his original answer, generally denying the Sosas' claims. On the same day, Miller sent Requests for Disclosure to the Sosas. Request number four asked the Sosas to "[s]tate the amount of economic damages and any method of calculating the damages[]" pursuant to Texas Rule of Civil Procedure 194.2(d).[1]

---

[1]Any reference to Rules 193-194 of the rules of civil procedure herein is to the version of the rule that existed prior to January 1, 2021. *See Final Approval of*

2

On September 29, 2020, the trial court signed a Docket Control Order setting the case for trial on June 1, 2021. Discovery responses were due 90 days before trial – or March 3, 2021. The docket control order contained the following statement:

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOREGOING DATES AS CALCULATED FROM THE TRIAL DATE STATED HEREIN REMAIN THE APPLICABLE DEADLINES FOR THIS CASE EVEN IF THE TRIAL DATE IS RESET AND REGARDLESS OF THE REASON FOR ANY RESET.**

On April 28, 2021, the Sosas filed their first Motion for Continuance. The motion requested a continuance based on (1) the quarantine of the Sosas' attorneys after an associate attorney tested positive for COVID-19; (2) the closing of the Sosas' attorneys' office building for a week during a winter freeze; and (3) the need for additional time to prepare for trial due to the previously described circumstances. The motion was set for submission on May 14.

On May 13, Miller responded to the Sosas' Motion for Continuance, arguing that the Sosas failed to prosecute the case since its inception. Miller's response also objected to the entry of a new docket control order because he would be unfairly prejudiced and harmed if the court were to reopen deadlines with which the Sosas

---

*Amendments to Texas Rules of Civil Procedure 47, 99, 169, 190, 192, 193, 194, 195, 196, 197, and 198*, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020) (amending the rules and noting that "[t]he rules amended by this Order continue to govern procedures and limitations in cases filed before January 1, 2021[]").

had already failed to comply. The trial court granted the Motion for Continuance on May 16.

On May 18, the trial court reset the trial date to August 2, 2021. However, the trial court kept other deadlines as set forth in the September 29, 2020 Docket Control Order:

> UNLESS OTHERWISE ORDERED BY THE COURT, THE OTHER DATES AS CALCULATED FROM THE TRIAL DATE STATED IN THE DOCKET CONTROL ORDER SIGNED ON 09/29/2020 REMAIN THE APPLICABLE DEADLINES FOR THIS CASE REGARDLESS OF THE REASON FOR THE RESET.

On July 12, Miller filed a Motion to Strike and Exclude Plaintiffs' Evidence of Damages. Miller argued that since the Sosas failed to disclose the amount and method of calculating their economic damages as required by Texas Rule of Civil Procedure 194.2(d) and the court's Docket Control Order, they should be prevented from introducing evidence of damages, citing Texas Rule of Civil Procedure 193.6(a). Miller claimed exclusion of evidence of damages was necessary in order to protect Miller from unfair surprise and prejudice, and to preserve Miller's ability to present an adequate defense against the Sosas' claims.

On July 14, the Sosas filed their Second Motion for Continuance, asserting they "need[ed] additional time to prepare for trial due to the Defendant's continued failure to engage in discovery." The motion asserted that the first "continuance was necessary to complete discovery due to issues plaintiffs' counsel had related to the

4

COVID-19 pandemic" and that Miller had opposed the Sosas' efforts to take Miller's deposition and had failed to respond to discovery requests. The motion also requested a new scheduling order on the asserted basis that resetting a trial deadline nullifies previous deadlines.

On July 22, the Sosas served Initial Disclosures, and on July 23, they filed a Response to Defendant's Motion to Strike and Exclude Plaintiffs' Evidence of Damages, repeating the arguments set forth in their Second Motion for Continuance and indicating they had responded to Miller's Request for Disclosure.

Miller filed his Response to Plaintiffs' Second Motion for Continuance and Objection to the New Docket Control order on July 28. Miller opposed the second continuance on the basis that the Sosas had not served any discovery during the court's discovery period as set forth in the September 29, 2020 docket control order which had not been changed by the first continuance. Once again, Miller asserted he would be unfairly prejudiced and harmed if the court were to enter a new Docket Control Order.[2]

On July 30, the trial court granted Miller's Motion to Quash and Miller's Motion to Strike and Exclude Damages, indicating "No response to the motions have been filed[,]" despite Plaintiffs' Response to Defendant's Motion to Strike and

---

[2]Miller filed an Amended Response that corrected clerical errors in his original response, but otherwise the substance of Miller's arguments are the same.

5

Exclude Plaintiffs' Evidence of Damages having been filed on July 23. On that same day, the judge of the 457th District Court recused himself and requested a transfer of the case, and on August 20 the judge of the 284th District Court accepted the transfer.

Also on July 30, Miller filed a Reply to Plaintiffs' Response to Defendant's Motion to Strike and Exclude Plaintiffs' Evidence of Damages. In the reply, Miller acknowledged that the Sosas had served Initial Disclosures on July 23, but argued they were untimely since the March 3 discovery deadline had not been extended when the court continued the first trial setting. Miller argued the Sosas' untimely disclosures still failed to disclose the amount and method of calculating damages because they merely listed the elements of damages and stated, "Amount will be determined by jury." Miller once again asserted unfair surprise and prejudice and urged the court to strike and exclude the Sosas' damages under Rule 193.6(a) because of their failure to comply with Rule 194 and the court's docket control order. *Id*. 193.6(a), 194.

On August 23, the Sosas filed a Motion to Reconsider and for Docket Control Order. Noting that the July 30 Order on Defendant's Motion to Strike and Exclude Plaintiffs' Evidence of Damages incorrectly indicated that no response to the motion had been filed, the Sosas complained that the 457th District Court had abused its discretion by failing to review and consider their July 23 response. The Sosas also

6

asserted the judge of the 457th District Court should not have ruled on the motion "having knowledge of underlying facts requiring his recusal." Lastly, the Sosas requested a new Docket Control Order in light of the global pandemic, the Texas Supreme Court's various Emergency Orders, and the February 2021 winter storm.

Miller filed a Motion for Summary Judgment with Motion for Leave on October 1. Miller argued leave was justified "because the Court's prior ruling made this motion viable after the dispositive motion deadline." The motion asked the trial court to grant summary judgment and to dismiss the Sosas' claims because there was no evidence of damages – a required element to prove their claims for assault, intentional infliction of emotional distress, and loss of consortium according to Miller – since all evidence of damages related to the claims that had been stricken and excluded. Miller concluded that there was no genuine issues of material fact because the Sosas could not prove damages.

The Sosas responded, claiming that "[g]ood cause exists for the Plaintiffs' failure to make, amend, or supplement the disclosure of the amount and any method of calculating economic damages due to the global pandemic caused by COVID-19, coupled with the severe winter storm in February 2021." The Sosas also alleged that their "failure to make, amend, or supplement the disclosure of the amount and any method of calculating economic damages did not unfairly surprise or prejudice Defendant and fact questions remain for this Court as the trier of fact." The Sosas

7

further claimed that they provided disclosures on July 22, 2021, thereby preventing any allegation of unfair surprise or unfair prejudice for a trial setting of January 3, 2022. The Sosas requested leave so that a new docket control order could be issued to provide for a future deadline for discovery responses and asked the court to consider the emergency COVID-19 orders promulgated by the Texas Supreme Court in granting deadline extensions. The Sosas attached several emergency orders related to the COVID-19 pandemic as part of their response, as well as their Initial Disclosures which were served on Miller on July 22, 2021.

The Sosas filed their First Supplemental Response to Miller's Motion to Strike on November 11.[3] They argued that they had good cause for failing to disclose the requested material ninety days before June 1, 2021 because of (1) the effects of COVID-19, (2) the loss of ninety percent of their attorneys' office staff, and (3) the inability of counsel to contact the plaintiffs due to such conditions. The Sosas further argued that Miller would not be unfairly surprised or prejudiced because Miller had had the material since July 22, 2021.

In his reply, Miller countered that the pandemic and Texas freeze were not excuses. He also reiterated that the discovery deadlines as set forth in the September

---

[3]Per Miller's Amended Motion for Summary Judgment, the Motion to Strike was resubmitted to the 284th District Court at the request of the trial court.

29, 2020 docket control order applied and the discovery responses were due by March 3, 2021.

On November 14, the trial court granted Miller's Motion to Quash the Notice of Intention to take Oral Deposition and Motion to Strike and Exclude Damages. The order acknowledged that COVID and the February 2021 winter storm created delays but indicated those issues did not explain why the Sosas waited until July 22, 2021 to serve Initial Disclosures when the discovery deadline passed on March 3, 2021. The trial court explained that the proper remedy was for the Sosas to move to continue the DCO deadlines immediately upon return to the office, but they did not do that, showing a lack of diligence. After granting Miller's Motion to Quash, the order states, "It is further ORDERED that Defendant's Motion to Strike and Exclude Plaintiffs' Evidence of Damages is GRANTED."

Miller subsequently filed a Refiled, Amended Motion for Summary Judgment with Motion for Leave, making the same arguments as in his original motion. Miller again alleged that a claim for assault, intentional infliction of emotional distress, and loss of consortium all require the establishment of an element of damages, and that the Sosas had failed to show any evidence of damages. Miller's only summary judgment evidence was the Order Granting Motion to Strike and Exclude Damages signed on November 14. The Sosas responded, making similar arguments as they did in their first response.

On December 20, 2021 the trial court signed an Order Denying Motion for Continuance, Order Granting Motion for Leave, and Final Judgment. The trial court granted Miller's Refiled, Amended Motion for Summary Judgment, ordered that the Sosas take nothing on their claims and causes of action against Miller, and awarded Miller costs of court. The Sosas appealed.

## Analysis

We begin by addressing the Sosas' second issue in which they assert that the trial court erred in granting Miller's motion for summary judgment. We note at the outset that Miller filed a traditional motion for summary judgment under Rule 166a(c) rather than a no evidence motion under Rule 166a(i).[4] Tex. R. Civ. P. 166a. A party who files a traditional motion for summary judgment has the burden to show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To succeed on a traditional motion for summary judgment, a defendant is generally required to conclusively negate at least one essential element of each of the plaintiff's causes of action or to conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*,

---

[4]We note that the introductory paragraph of Miller's motion also claims "no evidence of damages exists." However, the motion refers to itself as a "traditional summary judgment" and neither party has claimed that Miller's motion is a no-evidence motion.

941 S.W.2d 910, 911 (Tex. 1997); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010).

"When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Here, the trial court did not specify the grounds for its ruling, but Miller's motion presents only two grounds for summary judgment: (1) "With the Order granting Defendant's Motion to Strike and excluding any evidence of damages, [Miller] has successfully disproven the element of damages on each of [the Sosas'] claims[;]" and (2) "Because [the Sosas] have failed to disclose the damages required, there is no genuine issue as to any material fact. Since there is no genuine issue of any material fact, [Miller] is entitled to a summary judgment on [the Sosas'] claims for assault, intentional infliction of emotional distress, and loss of consortium." The trial court's November 14, 2021 Order on Defendant's Motion to Strike and Exclude Plaintiffs' Evidence of Damages is the only "summary judgment evidence" attached to, or referenced in, Miller's motion.

On appeal, the Sosas argue the trial court erred in granting Miller's motion for summary judgment because "Miller did not carry his burden of proof for a traditional summary judgment." The Sosas assert that Miller's motion constitutes a "global attack on all of the Sosa[s'] damages – economic and non-economic – and, therefore,

11

all their causes of action[,]" and that Miller's summary judgment evidence is "defective" because the only evidence on which Miller relies is the trial court's November 14 order which the Sosas claim is "defective" and "erroneous[.]"

In response, Miller argues the trial court properly granted summary judgment because in order to recover on their claims for assault, intentional infliction of emotional distress, and loss of consortium, the Sosas were required to establish that they sustained damages, but "on November 14, 2021, [the trial court] struck and excluded [the Sosas'] evidence of damages, thereby resulting in [the Sosas'] failure to prove any damages and consequentially establish a ca[u]se of action." In a footnote, Miller argues the Sosas waived any distinction between economic and non-economic damages by failing to raise such a distinction in the trial court. Therefore, we must consider whether the Sosas properly preserved their complaints for appellate review.

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c). However, a non-movant may argue for the first time on appeal "that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment." *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (emphasis in original). "The non-movant has no burden to respond to or present evidence regarding the motion

12

until the movant has carried its burden to conclusively establish the cause of action or defense on which its motion is based." *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013). "On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023). "Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Houston*, 589 S.W.2d at 678. Therefore, although Rule 166a(c) generally prevents a non-movant from raising new issues on appeal, a non-movant may still assert for the first time on appeal that the movant's summary judgment evidence is legally insufficient to support the motion. *Weekley Homes v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022).

Because the Sosas are free to argue for the first time on appeal that "Miller did not meet his summary judgment burden," we must examine both the legal sufficiency of the grounds expressly presented to the trial court in Miller's motion

and the legal sufficiency of the evidence offered in support of those grounds.[5] *Houston*, 589 S.W.2d at 678, and *Weekley Homes*, 646 S.W.3d at 826.

"We review a summary judgment de novo." *Mann Frankfort*, 289 S.W.3d at 848. "If the trial court's ruling required the trial court to examine evidence, the evidence the court considered is reviewed, in the appeal, in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Spears v. Haynes*, No. 09-18-00147-CV, 2020 Tex. App. LEXIS 463, at *9 (Tex. App.—Beaumont, Jan. 16, 2020, no pet.) (mem. op.) (internal quotations omitted); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

As indicated above, Miller's motion presents two grounds for summary judgment. We address the second ground first. In it, Miller asserts, "Because [the Sosas] have failed to disclose the damages required, there is no genuine issue as to any material fact. Since there is no genuine issue of any material fact, [Miller] is entitled to a summary judgment on [the Sosas'] claims for assault, intentional infliction of emotional distress, and loss of consortium."

---

[5]We consider the Sosas' assertion that "Miller did not carry his burden of proof for a traditional summary judgment," as adequately presenting a challenge to the legal sufficiency. *See Weekley Homes*, 646 S.W.3d at 826-27 (citing Tex. R. App. P. 38.1(f)).

Texas Rule of Civil Procedure 194.2(d) requires a party to disclose "the amount and any method of calculating economic damages." Tex. R. Civ. P. 194.2(d). "Paragraph (d) does not require a party, either a plaintiff or a defendant, to state a method of calculating non-economic damages, such as for mental anguish." *Id*. cmt. 2. *See also Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 653 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Baker v. Baker*, 469 S.W.3d 269, 278 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In their petition, the Sosas allege Miller sexually assaulted Ms. Sosa, for which they seek economic elements of damages, such as medical expenses, loss of earning capacity and lost wages, as well as non-economic damages, such as physical pain, mental anguish and loss of consortium.[6] Miller's motion for summary judgment acknowledges the Sosas seek these elements of damages, yet it asks for a summary judgment dismissing "all of the [Sosas'] claims against him," and the trial court entered final summary judgment that the Sosas "take nothing" on their claims.

---

[6]"When someone suffers personal injuries, the damages fall within two broad categories - economic and non-economic damages. Traditionally, economic damages are those that compensate an injured party for lost wages, lost earning capacity, and medical expenses. Non-economic damages include compensation for pain, suffering, mental anguish, and disfigurement. 'Hedonic' damages are another type of non-economic damages and compensate for loss of enjoyment of life." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 763 (Tex. 2003).

In his motion, and on appeal, Miller cites *Keystone Architects v. Lanai Development, L.L.C.*, No. 13-05-542-CV, 2008 Tex. App. LEXIS 1469 (Tex. App.—Corpus Christi, Feb. 28, 2008, no pet.) (mem. op.), for the proposition that "a failure to timely provide a calculation of economic damages will prevent the establishment of a cause of action plead, for which damages are an essential element." However, *Keystone Architects* was a residential construction dispute with allegations of "breach of contract, breach of fiduciary duty, negligence, fraud, and deceptive trade practice act ('DTPA') violations." *Id*. at *1 and *4. When the case was tried, the plaintiff provided evidence of "Diminution in Market Value," "Investment Loss," "Restitution--Return of Fees Earned by Defendants (unjust enrichment/fraud)," "Over Budget/Itemized Defective Items," and "Loss of Profits." *Id*. at *10-11. There is no indication the plaintiff in *Keystone Architects* ever sought any non-economic damages. Therefore, when the court of appeals held that the plaintiff had failed properly to disclose the amount and method of calculating economic damages, it necessarily followed that the plaintiff could not establish any of their causes of action.

Miller also cites *C.A. Walker Construction Company v. J.P. Southwest Concrete, Inc.*, No. 01-07-00904-CV, 2009 Tex. App. LEXIS 2228, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2009, no pet.) (mem. op.). *Walker* involved a breach of contract claim between a concrete subcontractor and a general contractor.

16

The case was tried to the court, and the evidence of damages included amounts for "unpaid work" and "lost profits." *Id.* at *4. As in *Keystone Architects* there is no indication any party sought any non-economic damages. We do not question the reasoning of *Walker* or *Keystone Architects* where only economic damages are sought, but they have no application in this case where the Sosas seek both economic and non-economic damages for tort claims arising out of an alleged sexual assault. The fact that the Sosas failed to disclose the amount and method of calculating their economic damages is not a basis for summary disposition of their claims for non-economic damages.

Therefore, we conclude the second ground presented to the trial court in Miller's motion – that Miller was entitled to summary judgment on all the Sosas' claims because they failed to properly disclose their economic damages – is insufficient as a matter of law to support the trial court's final summary judgment.

We now consider the first ground presented by Miller's motion: "With the Order granting Defendant's Motion to Strike and excluding any evidence of damages, [Miller] has successfully disproven the element of damages on each of [the Sosas'] claims." As "summary judgment evidence" in support of this ground, Miller attached and incorporated the trial court's November 14, 2021 Order on Defendant's Motion to Strike and Exclude Plaintiffs' Evidence of Damages. The order in question first grants Miller's Motion to Quash and Motion for Protective Order and

17

then states, "It is further ORDERED that Defendant's Motion to Strike and Exclude Plaintiffs' Evidence of Damages is GRANTED."

Although both parties appear to believe the order strikes all the Sosas' damages, rather than just their economic damages, the order does not expressly say so. In our de novo review, we are required to view the evidence "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Spears*, 2020 Tex. App. LEXIS 463, at *9. We interpret court orders the same way that we ascertain the meaning of other written instruments. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404-05 (Tex. 1971). In general, when interpreting a trial court order that is ambiguous, an appellate court may consider the entire record in determining the trial court's intent in entering the order; in particular, it should interpret the order "in light of the motion upon which it was granted." *Id.* "Only where an order's terms are ambiguous – that is, susceptible of more than one reasonable interpretation – do we look to the surrounding circumstances to discern their meaning." *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011) (citing *Lone Star*, 467 S.W.2d at 404-05); *see also In re Elizondo*, 544 S.W.3d 824, 827 (Tex. 2018) (per curiam) (reviewing court may look at the record to determine the parties intent "only if the order is not clear and unequivocal"). A court's order is considered ambiguous only if, applying standard rules of construction, it is susceptible to more than one reasonable interpretation.

*Stephens*, 355 S.W.3d at 626. However, courts enforce unambiguous orders literally. *Id.*

Here, the order is not clear and unequivocal. Because it simply grants Miller's motion without any other language specifying the nature of the relief granted, its meaning cannot be discerned without reference to the motion it grants. Although the order recites the full title of the motion, and although the motion refers to itself as a motion to strike the Sosas' "Damages" without qualification, it is the substance of the motion, not its title, that matters. "We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (citing Tex. R. Civ. P. 71) ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."). Therefore, it is necessary to examine the substance of Miller's Motion to Strike and Exclude Plaintiffs' Evidence of Damages, in the context of the entire record, to determine the meaning of the motion, and, therefore, the order.

In the motion, Miller asserts the Sosas failed to respond to his Request for Disclosure, a copy of which is attached to the motion. The specific request in question expressly references Rule 194.2(d) and asks the Sosas to "[s]tate the amount of *economic damages* and any method of calculating the damages." (emphasis added). The motion's "Arguments and Authorities" section begins with

19

the assertion, "Plaintiffs failed to disclosure [sic] the amount and method of calculating its *economic damages* under Rule 194.2(d)[,]" and ends with the conclusion, "Thus, any attempt by Plaintiffs to introduce into evidence material or information which serves as the basis of alleged *economic damages* in their live petition must be excluded. Similarly, *this* evidence must be excluded to prevent rewarding Plaintiffs' lack of due diligence and protect Defendant from unfair surp[r]ise, prejudice, and presenting an adequate defense against Plaintiffs' claims." (emphasis added). In between these references to "economic damages," the motion sometimes refers to "economic damages" and other times simply to "damages." Non-economic damages are never mentioned. The motion never asserts that the Sosas' failure to disclose economic damages should result in the exclusion of evidence of non-economic damages. The motion relies on the same arguments and authorities as those which we have held, above, do not support the striking of the Sosas' non-economic damages.

The motion does not contain a prayer, but in its "Conclusion," the motion asserts, "Plaintiff's *damages* must be struck and excluded under Texas Rule of Civil Procedure 193.6(a) because of a complete and continued *failure to comply with Rule 194* and this Court's Docket Control Order. As a result, the Court should order that Plaintiffs cannot establish their causes of action." (emphasis added). Because it argues the court should strike the Sosas' "damages[,]" without qualification, and

20

because it asserts the Sosas "cannot establish their causes of action[,]" the motion's "Conclusion" can reasonably be construed as seeking to strike all of the Sosas' damages. But by referring to the Sosas' alleged "failure to comply with Rule 194" as the reason for seeking to strike the Sosas' "damages[,]" the "Conclusion" can also reasonably be interpreted as seeking the exclusion of the Sosas' economic damages only.

Viewing the entirety of Miller's Motion to Strike and Exclude Plaintiffs' Evidence of Damages "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the [summary judgment] motion," we conclude the motion could be reasonably construed as seeking the exclusion of economic damages only. Therefore, we also conclude that the trial court's November 14 order could reasonably be construed as striking the Sosas' evidence of economic damages only. To the extent the order could also reasonably be construed as striking all the Sosas' damages, it remains ambiguous because it is reasonably susceptible to more than one meaning. Put simply, the November 14 order does not conclusively establish that the court struck or excluded all of the Sosas' damages as Miller's motion for summary judgment asserts. Therefore, the first ground expressly presented to the trial court in Miller's motion for summary judgment is insufficient as a matter of law. Because neither of Miller's grounds is legally sufficient, we sustain the Sosas' second issue.

Conclusion

Having sustained the Sosas' second issue, it is unnecessary for us to consider the Sosas' first and third issues. We reverse the trial court's summary judgment and remand to the trial court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

KENT CHAMBERS
Justice

Submitted on November 21, 2023
Opinion Delivered August 29, 2024

Before Golemon, C.J., Wright and Chambers, JJ.

22