**Maria LAL, Individually and as Representative of the Estate of Jagdish Lal, and as Next Friend of Kaira Lal, and as Next Friend of Daniel Lal, and James Lal, Anes Lal, and Shelly Lal, Appellants**

v.

**HARRIS METHODIST FORT WORTH d/b/a Harris Methodist Fort Worth Hospital, Sajeela Malik, M.D., and Ernesto A. Cadorna, M.D., Appellees.**

No. 2–06–421–CV.

Court of Appeals of Texas, Fort Worth.

July 12, 2007.

David B. Joeckel, Jr., Fort Worth, for Appellants.

Jenifer L. Balch, Deborah B. Junek, Dallas, for Appellees.

Panel F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

In a single issue, appellant Maria Lal, individually and as representative of the estate of Jagdish Lal, and as next friend of Kaira, Daniel, James, Anes, and Shelly Lal, appeals the dismissal of her medical malpractice action. We affirm.

## BACKGROUND

Jagdish Lal died on May 11, 2004. All of the following events occurred in 2006. On May 8, Appellant filed suit against appellees Harris Methodist Fort Worth d/b/a Harris Methodist Fort Worth Hospital, Jeffrey Genato, M.D., Ernest A. Cadorna, M.D., and Sajeela Malik, M.D., ("Appellees") claiming medical malpractice.[1] On July 13, the trial court entered a discovery and docket control plan for a level 3 case (the "Scheduling Order").

Appellant faxed her expert report to Appellees on September 7 and 12, and filed it on September 11.[2] Under the 120–day deadline set by section 74.351 of the civil practice and remedies code, the expert report was due on September 5. *See*

Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a) (Vernon 2006). On September 11, Appellees filed motions to dismiss for failure to timely provide the expert report under section 74.351. *Id.* Appellant filed a response and a motion for a thirty-day extension on October 18, giving calendaring error as the reason for the delay and also arguing that the Scheduling Order constituted a written agreement among the parties setting the expert report due date at January 12, 2007. Counsel for Appellee Harris Methodist Fort Worth filed an affidavit in reply to Appellant's response, averring that, with regard to the Scheduling Order and its deadline for the designation of retained experts,

[a]t no time what [sic] it discussed that an agreement to the deadline for designating retain experts was to extend or supplant the requirements of Section 74.351. Further, at no time did I, or anyone on behalf of Harris Methodist Fort Worth Hospital, agree to any extension of the deadline as required by Section 74.351.

The trial court held a hearing on the motion to dismiss on October 20. Appellant presented the arguments in her response: mistake, arguing that timeliness was an element of the report for which she should be allowed the thirty-day extension; and the Scheduling Order, asserting that it was an agreement between the parties to extend the deadline because it was signed by all of the parties and stated that reports did not need to be provided until January. Appellees countered that timeliness was not an "expert report" element; that chapter 74, when it replaced article 4590i, removed the "accident or mistake" element from the statute; that the Sched-

---

1. Dr. Genato was later nonsuited.

2. Appellee Harris Methodist Fort Worth received the faxed report on September 7. The remaining Appellees, Doctors Malik and Cadorna, did not receive the faxed report until September 12.

uling Order specifically set forth that statutory deadlines were excluded from the designation deadlines in the order; and that there was no intent on the part of Appellees when the agreement was created to agree to Appellant's new interpretation. After the hearing, the trial court entered the order granting Appellees' motions to dismiss with prejudice.[3]

## DISMISSAL

In Appellant's sole point, she complains that the trial court erred by granting Appellees' dismissals because the late report was not caused by conscious indifference, so a thirty-day extension should have been granted to her. She also argues that the expert report due date was impliedly extended by written agreement.

### Standard Of Review

Although the denial of a motion to dismiss under section 74.351 is reviewed under the abuse of discretion standard, we will review de novo the trial court's decision to grant the motion to dismiss here. We do this because section 74.351 has evolved significantly from its previous incarnation as article 4590i of the Revised Civil Statutes, and statutory construction is a matter of law, which we review de novo.[4] *See Dallas Cmty. Coll. Dist. v. Bolton,* 185 S.W.3d 868, 872 (Tex.2005); *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989); *see also Park v. Lynch,* 194 S.W.3d 95, 97–99 (Tex.App.-Dallas 2006, no pet.) (reviewing trial court's decision to deny motion to dismiss under abuse-of-discretion standard and

discussing transition from article 4590i to section 74.351); *Yaquinto v. Britt,* 188 S.W.3d 819, 823 (Tex.App.-Fort Worth 2006, pet. denied) (stating that if a plaintiff failed to comply with the expert report requirements under article 4590i, section 13.01(d), and the defendant filed a motion to dismiss with prejudice, the trial court had no discretion and had to enter an order dismissing the case with prejudice); *Kendrick v. Garcia,* 171 S.W.3d 698, 702 (Tex.App.-Eastland 2005, pet. denied) (discussing the possibility that the abuse of discretion standard would no longer apply to section 74.351); *cf. Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios,* 46 S.W.3d 873, 877–78 (Tex.2001) (stating that abuse-of-discretion standard applied to section 13.01(d) because section 13.01(e)'s language required trial court to enter dismissal order "as sanctions" and sanctions are reviewed for abuse of discretion; the "sanctions" language is not present in the current statute); *Petrus–Bradshaw v. Dulemba,* 158 S.W.3d 630, 632 (Tex.App.-Fort Worth 2005, pet. denied) (citing *Palacios* for the proposition that a trial court's dismissal of a cause of action under former article 4590i, section 13.01 is treated as a sanction and reviewed under an abuse of discretion standard). Because the issues before the trial court with regard to Appellees' motions to dismiss here require interpretation of the statute, we apply the de novo standard. *See Danos v. Rittger,* No. 01–06–00350–CV, 2007 WL 625816, at *2, —— S.W.3d ——, —— (Tex.App.-Houston [1st Dist.] Mar. 1, 2007, pet. filed); *Buck v.*

---

**3.** At the close of arguments, the trial judge expressed his reluctance, stating,

> I don't even know how I can abuse my discretion because the statute has taken away any discretion. I don't even get a choice ... it's automatic is the way I look at it. I have to grant the motions to dismiss. I don't have a choice. Albeit as harsh as it is, the law is the law.

**4.** In 2003, the Texas Legislature repealed article 4590i of the Revised Civil Statutes and moved substantially amended provisions of former article 4590i to Chapter 74 of the civil practice and remedies code. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864–82, 884.

*Blum,* 130 S.W.3d 285, 290 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

### Statutory Construction

■■■ In construing a statute, we seek to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003); *see also* Tex. Gov't Code Ann. § 312.005 (Vernon 2005) (stating that we shall also "consider at all times the old law, the evil, and the remedy"). We look first to the plain meaning of the words of the provisions. *Bd. of Adjustment of the City of San Antonio v. Wende,* 92 S.W.3d 424, 430 (Tex.2002). If the statutory language is unambiguous, we must adopt the interpretation supported by the plain language of the provision unless that interpretation would lead to absurd results. *Tex. Dep't of Prot. & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 177 (Tex. 2004). The medical liability act was enacted by the Texas Legislature to curtail frivolous claims against physicians and related health care providers. *Yaquinto,* 188 S.W.3d at 823 (discussing purpose of article 4590i, section 13.01).

### Section 74.351's Expert Report Requirement

■■ Section 74.351(a) requires that the plaintiff serve an expert report with a curriculum vitae of each expert listed in the report on each party or his or her attorney within 120 days of filing a medical liability claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Section 74.351(b)(2) states that if the expert report has not been served within the 120–day period, on the motion of the affected physician or health care provider, the court "shall, subject to Subsection (c), enter an order that ... dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." *Id.* § 74.351(b).

Appellant argues that her case is distinguishable from cases in which dismissals due to late-filed expert reports were affirmed because, unlike those cases, her counsel "worked diligently to provide the report in question" and Appellees "[were] in no way prejudiced by the delay." Therefore, she contends that a thirty-day extension should have been granted because the late report was not caused by conscious indifference. She seeks to have her circumstances treated as a good faith mistake and claims that the "expert report" has a "timeliness" element, the deficiency of which would allow for an extension under section 74.351(c).

The pertinent portion of subsection (c) states, *"If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient,* the court may grant one 30–day extension to the claimant in order to cure the deficiency." *Id.* § 74.351(c) (emphasis added). The plain language of the subsection requires that elements of the expert report must be found deficient for the trial court to consider granting an extension and makes no mention of an exception, good faith or otherwise, for mistake. *See id.* However, at Appellant's request, we review section 74.351 to determine whether the "expert report" elements include a timeliness aspect.

Section 74.351(r)(6) defines "expert report" as

a written report by an expert that provides a fair summary of the expert's opinions *as of the date of the report* regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* § 74.351(r)(6) (emphasis added). No changes were made by the legislature with regard to section 74.351(r)(6), previously article 4590i, section 13.01(r)(6). *See id.;* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864–82, 884; *see also Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002) (stating that the statutory definition under 13.01(r)(6) requires the expert's opinion on each of the three elements identified by the medical liability act: standard of care, breach, and causal relationship).

Absent from the elements of an expert report are any mention of time, other than with regard to the expert's opinions "as of the date of the report." TEX. CIV. PRAC. & REM.CODE § 74.351(r)(6). The date on Appellant's expert report is September 7, 2006, two days after the 120–day deadline in section 74.351(a). The elements, (1) a written report, (2) by an expert, and (3) summarizing his opinions on the substance of Appellant's claim, appear to have been met by Appellant's expert report, and, other than her timeliness argument, Appellant has raised no deficiency with regard to the report's elements. Based on the statute's plain language, then, we conclude that Appellant's argument that there is a "timeliness" element in the expert report requirements must fail. *See id.*[5]

With regard to Appellant's "conscious indifference" and "good faith" arguments, under article 4590i, section 13.01(g),

> if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.

Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864–82, 884.

■■ The legislature amended the expert report requirements by omitting the "accident or mistake" exception in section 74.351. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (stating "subsections (d)-(h) reserved"). Every word excluded from a statute must be presumed to have been excluded for a reason. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). The amendment of an act indicates that the legislature intended to change the original act by creating a new right or withdrawing

---

**5.** We note that other courts have construed section 74.351(c) to mean that the thirty-day extension applies only when an initial expert report is timely filed, and not to extend the deadline for the first filing of the expert report. *See Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.,* 208 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2006, no pet.) ("Although section 74.351(c) gives a court discretion to grant 30 days to amend a deficient expert report, this section applies only when an initial report is timely filed; it is not available to extend the deadline for first filing a report."); *Valley Baptist Med. Ctr. v. Azua,* 198 S.W.3d 810, 815 (Tex.App.-Corpus Christi 2006, no pet.) (holding that "[a]n ex-

tension under section 74.351(c) is not available if the expert report is not served by the deadline"); *Herrera v. Seton Nw. Hosp.,* 212 S.W.3d 452, 460 (Tex.App.-Austin, 2006, no pet.) (noting that section 74.351(c) did not apply to plaintiff's late-filed expert report because that section "permits extensions for expert reports that the court finds deficient in substance, not for reports that are filed untimely"); *Thoyakulathu v. Brennan,* 192 S.W.3d 849, 852–53 (Tex.App.-Texarkana 2006, no pet.) (same). Because we conclude that Appellant's timeliness argument fails and she makes no other argument with regard to 74.351(c), we do not reach this issue.

an old one. *See Am. Honda Motor Co., Inc. v. Tex. Dep't of Transp. Motor Vehicle Div.*, 47 S.W.3d 614, 621 (Tex.App.-Austin 2001, pet. denied). Therefore, by amending section 74.351, the legislature indicated that it intended to change the original act. *See id.* In this instance, the legislature withdrew the "accident or mistake" exception, which a claimant could have previously asserted when failing to timely furnish an expert report, as Appellant tries to here. *See Marine Transp. Corp. v. Methodist Hosp.*, 221 S.W.3d 138, 153–54 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (discussing cases involving article 4590i, section 13.01(g) grace period and good faith and noting that calendaring errors had been held to establish accident or mistake). However, as a result of the omission of the "accident or mistake" exception in the current section 74.351, we must conclude that Appellant's argument here also fails. *See Morrison*, 699 S.W.2d at 208.

### Written Agreement Exception

■ Finally, we address Appellant's argument that the expert report due date was impliedly extended by written agreement in the Scheduling Order.

■ Section 74.351(a) provides that "[t]he date for serving the report may be extended by written agreement of the affected parties." TEX. CIV. PRAC. & REM.CODE § 74.351(a). The same rules of interpretation apply in construing the meaning of court orders as in ascertaining the meaning of other written instruments. *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex.1971). The entire contents of an instrument and the record should be considered in construing the meaning of a court order or judgment, and the order is to be read as a whole. *See id.* at 405; *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 694 (Tex.App.-Corpus Christi

2000, pet. denied). With regard to docket orders, when such an order does not expressly mention the section 74.351(a) expert report or even suggest an extension of the deadline, the order, without more, does not extend the deadline. *See Rugama v. Escobar*, No. 04–05–00764–CV, 2006 WL 923701, at *2 (Tex.App.-San Antonio April 5, 2006, no pet.) (mem.op.) (stating that nothing in the order, when viewed in context, hinted at an agreement to extend subsection (a)'s deadline); *Hall v. Mieler*, 177 S.W.3d 278, 281–82 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (stating that docket control order that established discovery limitations and established deadlines for joinder, motions, pleas, and expert witness designations did not extend deadline when it did not address expert reports or deadline set by article 4590i, section 13.01(d)); *Finley v. Steenkamp*, 19 S.W.3d 533, 539–40 (Tex.App.-Fort Worth 2000, no pet.) (stating that scheduling order did not extend time for filing expert report when trial court did not issue order until after expert report deadline had passed, order did not designate a date to provide expert reports, only testifying expert witnesses, and nothing in order implied trial court was altering expert report deadline under article 4590i).

The Scheduling Order does not expressly mention the section 74.351(a) expert report. It does give January 12, 2007 as the deadline for "PLAINTIFF'S RETAINED EXPERT DESIGNATIONS," requiring designation of experts and provision of their reports, immediately followed by February 28, 2007 as the deadline for "DEFENDANTS' RETAINED EXPERT DESIGNATIONS" and the same requirements. As in *Finley*, the order explicitly requires Appellant to provide the name, address, and subject of testimony for each of her retained expert witnesses. *See Finley*, 19 S.W.3d at 539. Unlike *Finley*, both

the plaintiff and defendant's designations require reports from those experts. *See id.* Viewed in context, however, these requirements merely comply with the civil procedure rules pertaining to discovery. *See* Tex.R. Civ. P. 192.3(e) (testifying and consulting experts), 192.7(c)-(d) (testifying and consulting experts), 194.2(f)(1)-(4) (disclosure with regard to testifying experts), 195.2 (schedule of designating experts); *see also Olveda v. Sepulveda*, 141 S.W.3d 679, 684 (Tex.App.-San Antonio 2004, pet. denied) (construing discovery scheduling order under article 4590i, section 13.01 as not extending deadline when it was issued a month after the deadline and the order mentioned expert witnesses and "retained" experts indicating testifying experts). Rule 194.2(f)(4)(A) specifically states that if an expert is retained by a party, the other party may request disclosure of "all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony." Tex.R. Civ. P. 194.2(f)(4)(A). The Scheduling Order also makes clear that any deadlines set forth within it prevail over the rules of civil procedure. And section 74.351(s) sets forth that the 74.351(a) expert report is a condition precedent to discovery other than the patient's healthcare information, stating,

Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through: (1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure; (2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and (3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem.Code Ann. § 74.351(s); *Rugama*, 2006 WL 923701, at *2 (acknowledging stay and noting that the expert report required by section 74.351 is separate from the designation of experts contemplated under the discovery rules).

Finally, the conclusion of the Scheduling Order states,

All statutory guidelines established by Article 4590i are not controlled by this Plan. Approval of this Plan by all attorneys and this Court does not represent an agreement by the parties and approval by this Court of modifying any statutory deadlines except those deadlines found in the Texas Rules of Civil Procedure and any Local Rules of the Tarrant County District Courts.

Although the Scheduling Order cites to section 74.351's predecessor, its plain language sets forth that the statutory guidelines were to remain in place and that it did not constitute an agreement to modify any of the statutory deadlines in section 74.351. *Cf. CIGNA Healthcare of Tex., Inc. v. Pybas*, 127 S.W.3d 400, 407–08 (Tex. App.-Dallas) (interpreting parties' Rule 11 agreement as an agreement under article 4590i, section 13.01(h), to extend time to file an expert report), *judgm't vacated & case dism'd pursuant to settlement*, 2004 WL 585008 (Tex.App.-Dallas Mar.25, 2004, no pet.) (mem.op.). Appellees also submitted an affidavit to the trial court, stating that an extension for the expert report was neither discussed nor intended as part of the Scheduling Order and that they did not agree to any such extension.

Viewed within the context of discovery procedure, which the Scheduling Order was intended to control, and the requirements of section 74.351, nothing in the Scheduling Order either directly or by im-

plication suggests that the parties had a written agreement to extend the deadline for serving the section 74.351(a) expert report or that the Scheduling Order itself was considered as such an agreement at the time of its formation. Therefore, Appellant's last argument fails. Appellant's failure to serve the expert report in a timely manner left the trial court with no discretion but to dismiss her claims with prejudice. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b)(2); *see also Etheredge v. McCarty*, No. 05–05–00164–CV, 2006 WL 1738258, at *1 (Tex.App.-Dallas June 27, 2006, no pet.) (mem.op.) (upholding trial court's dismissal when plaintiff missed 120–day deadline by one day). We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's order dismissing her claim with prejudice.