IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0787
════════════
 
Spectrum Healthcare Resources, 
Inc., and
Michael Sims, 
Petitioners,
 
v.
 
Janice McDaniel and Patrick 
McDaniel, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fourth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued September 
11, 2008
 
 
            
Chief Justice Jefferson, 
joined by Justice O’Neill and Justice Medina, dissenting.
 
            
It is, therefore, ORDERED, ADJUDGED and DECREED as follows:
 
                        
1.         
Plaintiffs will designate all expert witnesses that they intend to call 
at the trial . . . , and shall provide a written report and 
curriculum vitae of all retained experts in this case on or before January 
11, 2006;
 
            
. . . .
 
            
It is further ORDERED to the extent these deadlines may be in conflict 
with deadlines set by rule or statute, the deadlines established by this Docket 
Control Order shall take precedence.
 
            
It is further ORDERED that the parties shall conduct discovery as soon as 
practicable, notwithstanding the limiting provisions found in Chapter 74 of the 
Texas Civil Practices and Remedies Code.
 
            
This is the order announcing the date by which McDaniel was required to 
serve her medical expert report, irrespective of any statutory deadline. 
Had she known that following the trial court’s order would lead to dismissal of 
her claim, she could have taken steps to preserve her rights. Instead, having 
complied with the order, she now finds herself without recourse because “[a]n 
agreed docket control order that includes only a general discovery deadline for 
the production of expert reports is ineffective to extend the statute’s specific 
threshold expert report requirement.” ___ S.W.3d ___. I 
accept the value of the Court’s bright-line rule, but I disagree with applying 
it to McDaniel’s claim. I would apply today’s decision prospectively, making it 
inapplicable to McDaniel or others who complied with trial court orders that 
altered the statutory deadline in healthcare liability suits. See Chevron Oil 
Co. v. Huson, 404 U.S. 97, 105-09 (1971);[1] see also James B. Beam Distilling Co. 
v. Georgia, 501 U.S. 529, 536 (1991) (plurality opinion) (defining pure 
prospectivity); Crowe v. Bolduc, 365 F.3d 86, 
93 (1st Cir. 2004) (“A court in a civil case may apply a decision purely 
prospectively, binding neither the parties before it nor similarly situated 
parties in other pending cases . . . .”).
            
This approach makes sense because, before today, litigants were operating 
under the expectation that the only requirement for extending the Chapter 74 
deadline was a “written agreement,” much like the agreed docket control order in 
this case. See Tex. Civ. Prac. 
& Rem. Code § 74.351(a) (failing to mandate a specific 
format or to require a specific reference to section 
74.351). Thus, today’s decision involves an issue of first 
impression whose resolution was not clearly foreshadowed (and on which our 
courts of appeals are in conflict).[2] Retroactive application of the Court’s 
rule will produce substantial inequitable results. Baker Hughes, Inc. v. Keco R. & D., Inc., 12 S.W.3d 1, 4-5 (Tex. 1999). To 
avoid that injustice, see Chevron Oil, 404 U.S. at 107-08, I would 
hold that the Court’s decision is applicable “to all conduct occurring after the 
date of [this] decision,” Beam, 501 U.S. at 536.
            
I would affirm the court of appeals’ judgment. Because the Court does 
otherwise, I respectfully dissent.
                                                                                    
            
            
            
            
_____________________________________
                                                                                    
            
            
            
            
Wallace B. Jefferson
                                                                                    
            
            
            
            
Chief Justice
 
OPINION 
DELIVERED: March 12, 2010






[1] 
The United States Supreme Court in Harper v. 
Virginia Department of Taxation, 509 U.S. 86, 97 (1993) and James B. Beam 
Distilling Co. v. Georgia, 501 U.S. 529, 543 (1991) (plurality opinion), 
rejected a modified prospectivity approach—when a 
court “appl[ies] a new rule in the case in 
which it is pronounced, [but] then return[s] to the old one with respect to all 
others arising on facts predating the pronouncement.” Beam, 501 U.S. at 
537; see also Sw. Bell Tel. Co., L.P. v. 
Mitchell, 276 S.W.3d 443, 450-52 (Tex. 2008) (Jefferson, C.J., dissenting) 
(rejecting modified prospectivity in a statutory 
construction case). The Supreme Court’s approach to pure prospectivity remains to be seen. See Harper, 509 
U.S. at 115 (O’Connor, J., dissenting) (“[N]o decision of this Court forecloses 
the possibility of pure prospectivity.”); Beam, 
501 U.S. at 544 (“We do not speculate as to the bounds or propriety of pure 
prospectivity.”); see also Educ. Credit Mgmt. Corp. v. Mersmann, 505 F.3d 1033, 1051-52 (10th Cir. 2007); 
Crowe v. Bolduc, 365 F.3d 86, 93-94 (1st Cir. 2004); Toms v. Taft, 
338 F.3d 519, 529 (6th Cir. 2003); Glazner v. Glazner, 
347 F.3d 1212, 1216-19 (11th Cir. 2003); Holt v. Shalala, 35 F.3d 376, 
380 n.3 (9th Cir. 1994). And, states are free to limit the retroactive operation 
of their own interpretations of state law. Harper, 509 
U.S. at 100; Am. Trucking Ass’ns, Inc. v. 
Smith, 496 U.S. 167, 177 (1990) (plurality 
opinion).

[2] 
See, e.g., Shelton v. Univ. of Tex. Med. Branch at 
Galveston, No. 14-07-00994-CV, 2009 Tex. App. LEXIS 2543, at *12-*16 (Tex. 
App.–Houston [14th Dist.] Apr. 14, 2009, pet. filed) (mem. op.); Lim v. West, No. 01-08-00469-CV, 2008 Tex. 
App. LEXIS 8065, at *3-*6 (Tex. App.–Houston [1st Dist.] Oct. 
23, 2008, pet. denied) (mem. op.); 
Care Ctr., Ltd. v. Sutton, No. 09-07-469-CV, 2008 Tex. App. LEXIS 
2743, at *6-*12 (Tex. App.–Beaumont Apr. 17, 2008, pet. filed) (mem. op.); King v. Cirillo, 
233 S.W.3d 437, 440-41 (Tex. App.–Dallas 2007, pet. filed); Lal v. Harris Methodist Fort Worth, 230 S.W.3d 
468, 474-76 (Tex. App.–Fort Worth 2007, no pet.); Brock v. Sutker, 215 S.W.3d 927, 929 (Tex. App.–Dallas 2007, no 
pet.); Rugama v. Escobar, No. 
04-05-00764-CV, 2006 Tex. App. LEXIS 2697, at *6-*8 (Tex. App.–San Antonio Apr. 
5, 2006, no pet.) (mem. op.); Hall v. Mieler, 177 S.W.3d 278, 281-82 (Tex. App.–Houston [1st 
Dist.] 2005, no pet.); Olveda v. 
Sepulveda, 141 S.W.3d 679, 683-84 (Tex. App.–San Antonio 2004, pet. denied); 
Cigna Healthcare of Tex., Inc. v. Pybas, 127 
S.W.3d 400, 408 (Tex. App.–Dallas 2004), judgm’t vacated & case dism’d pursuant to settlement, 2004 Tex. App. LEXIS 2666 
(Tex. App.–Dallas Mar. 25, 2004, no pet.) (mem. op.); Tesch v. 
Stroud, 28 S.W.3d 782, 787-89 (Tex. App.–Corpus Christi 2000, pet. denied); 
Finley v. Steenkamp, 19 S.W.3d 533, 539-40 
(Tex. App.–Fort Worth 2000, no 
pet.).