**AFFIRMED and Opinion Filed August 23, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00940-CV

### IN RE THE GUARDIANSHIP OF SAMUEL ALLEN MASCORRO, JR., AN INCAPACITATED PERSON

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-20-01956-2**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

In this guardianship matter, the attorney ad litem below brings two points of

error complaining of the trial court's order on his application for attorney's fees and

expenses. We affirm the trial court's order.

### BACKGROUND

Appellant Robert D. Hemphill provided legal representation to Samuel A.

Mascorro Jr. He did so first as engaged counsel and subsequently as attorney ad

litem in Mascorro's guardianship proceeding. A May 20, 2020 engagement letter

provides appellant was (1) to assist Mascorro's release from a nursing facility and

(2) to possibly to provide legal services related to probating the will of Mascorro's wife. Appellant provided services pursuant to the engagement letter.

On June 25, 2020, Mascorro's son, Christopher Randall Mascorro, filed an application for appointment of a permanent and temporary guardian of the person and the estate of Mascorro. The trial court appointed Adriane S. Grace as Mascorro's attorney ad litem. Grace filed an original answer on Mascorro's behalf. One day later, appellant filed an original answer for Mascorro.

On July 6, 2020, the trial court appointed appellant as Mascorro's successor attorney ad litem. The trial court removed Grace as attorney ad litem and appointed her as guardian ad litem. The trial court's order stated the parties had agreed to the appointments.

On July 11, 2020, Mascorro signed an amendment to appellant's engagement letter. The amendment stated appellant's representation included opposition to the guardianship proceeding and the application for probate of the will. It requested a $500.00 cost deposit for filing fees related to probate of the will "to be paid as soon as possible." It requested $4,000.00 "payable no later than July 31" for legal fees and expenses related to "the above matters." It set attorney's fees at a current rate of $300.00 per hour.

On October 23, 2020, appellant filed an attorney ad litem's application for payment and reimbursement of attorney's fees and expenses and affidavit in support.

It sought $21,823.75 for legal fees and $1,095.34 for expenses for services provided from July 1 2020, through August 31, 2020. It stated,

> Because there is no judicial determination or medical finding that Proposed Ward is an incapacitated person, it may be possible that Proposed Ward pay the fees and reimburse the expenses without reference to a court order. To avoid any doubt as to authorization to pay the fees and reimburse expenses, Attorney Ad Litem submits this Application and supporting documents for action by the Court.

On October 28, 2020, the guardian ad litem filed an opposition to appellant's application for payment of attorney's fees and expenses and affidavit in support. The guardian ad litem objected to appellant's suggestion that Mascorro might pay appellant directly. She argued an attorney ad litem cannot be paid or reimbursed without court order. She noted the estates code provides an attorney ad litem is entitled to "reasonable" compensation for services in the amount "set by the court" to be taxed as costs. She argued trial court guidelines require (1) fee requests to be filed as an application for payment for fees or reimbursement and not as a claim against an estate and (2) the trial court to make a determination on the reasonableness of ad litem's fees. She argued the estates code allows removal of an attorney ad litem, as she was removed here, and appointment of a proposed ward's retained counsel if the court finds the proposed ward has capacity to contract. She noted, however, the trial court had not made the requisite finding of capacity. Moreover, she argued she had raised the legal issue of Mascorro's partial incapacity involving financial transactions via reports and pleadings. She noted Mascorro was diagnosed

–3–

with dementia and lacked insight into his medical condition when appellant was appointed attorney ad litem.

The record contains no order on appellant's October 23, 2020 application for fees and reimbursement.

Appellant moved to withdraw as attorney ad litem. On January 28, 2021, the trial court granted the motion.

On May 4, 2021, appellant filed his attorney ad litem's amended application for payment and reimbursement of attorney's fees and expenses with exhibits and affidavit in support. The application states it supersedes appellant's initial application for payment and reimbursement. Appellant sought $52,278.25 in attorney's fees and $2,297.25 for expenses related to representation as attorney ad litem.

On May 4, 2021, appellant also filed his ad litem's verified accounting of fees and expenses received as engaged counsel. The accounting included a section titled "Representation prior to court appointment—April 24, 2020 through June 30, 2020"—the period just before institution of the guardianship proceeding. It stated appellant had received $4,395.85 for fees and expenses from Mascorro related to services performed during that period. This section of the accounting referenced exhibit "A." The application also contained a section titled "Application to probate wife's will—engaged counsel—July 11, 2020 through November 30, 2020"—a period after institution of the guardianship proceeding. It stated appellant had

–4–

received $3,462.44 for fees and expenses related to probate of the will. This section of the accounting referenced exhibit "B."

Exhibit "A" to the accounting is an invoice summary regarding "Samuel Mascorro" and "confinement at nursing home and revocation of medical power of attorney." It summarizes bills and expenses paid to appellant's law firm in the amount of $4,313.50. It states the "date billed" was "June 30/20." Attached to exhibit "A" is Mascorro's check to appellant's law firm in the amount of $4,395.50. The check is dated July 31, 2020. Its memo states "June 30 invoice." Exhibit "B" regards "Samuel Mascorro" and the "estate of Barbara Ann Russell Mascorro." It reflects total attorney's fees and expenses in the amount of $3,462.44. It identifies billing dates of "Jul 31/20," "Aug 31/20," "Sep 30/20," "Oct 31/20," and "Nov 30/20." Also attached to exhibit "B" is Samuel Mascorro's $3,500.00 check. It is payable to appellant's law firm. It bears Mascorro's signature. It is dated August 5, 2020.

The invoice dates and the check dates in exhibits "A" and "B" are subsequent to July 6, 2020, the date the trial court appointed appellant as Mascorro's attorney ad litem. The dates precede the date of the trial court's January 28, 2021 order granting appellant's motion to withdraw as Mascorro's attorney ad litem.

On August 19, 2021, appellant filed his application for payment for supplemental report by Dr. Aimee Garza, a board certified psychiatrist and neurologist. Appellant sought $559.00 he had advanced for an independent examination of Mascorro.

On August 23, 2021, the trial court heard argument on appellant's amended application. The trial court queried,

> The Court: My first question to you, Mr. Hemphill, how much did Mr. Mascorro pay you without Court authorization?

In response, appellant addressed the verified account of fees received as engaged counsel and its exhibits. The trial judge stated:

> The Court: Mr. Hemphill, I appreciate you for telling me this. Let me just be up front and clear with you the reason why I want to know this, because to the extent that you are owed, I'm going to approve any fees for you, it will go against this, this amount, and in the event that the amount that I award is less than this, you will have to disgorge that amount. So now, let's focus on your fee request.
>
> Mr. Hemphill: Your Honor—
>
> The Court: Or more importantly, what I'm mainly interested in is what's your argument for advocacy versus antagonizing the litigants? I mean, what do you believe was geared toward zealous advocacy of your client and what portion of it was just meant to disrupt the proceeding—
>
> Mr. Hemphill: I have absolutely—
>
> The Court: and how do you distinguish those two?
>
> Mr. Hemphill:—no intent for any disruption, Your Honor. . . .

Appellant continued argument.

> The trial court also stated,
>
> Mr. Hemphill, in all fairness, you have received payment and you received it directly from Mr. Mascorro. You didn't bother—

. . .

You circumvented this process and you went and got paid directly from him [Mascorro] at a time when there was conflicting testimony about— or evidence out there about his ability to handle his financial affairs.

At the hearing, the guardian ad litem argued, "In defending his position, he [appellant] did a number of things that far exceeded the scope of the statutory responsibilities of an attorney ad litem, including filing frivolous pleadings which this Court had to deny and dismiss . . . ." She bluntly criticized aspects of appellant's services as attorney ad litem. The guardian ad litem referenced a court filing in which she had challenged the reasonableness and necessity of appellant's requested fees. Appellant disputed the guardian ad litem's argument.

The trial court took the matter under advisement.

The trial court signed its order on appellant's fee application on September 27, 2021. As noted, appellant sought $52,278.25 in attorney's fees and $2,297.25 for expenses. The trial court found appellant's fees of $17,858.75 and expenses of $98.67 were reasonable and necessary. It denied attorney's fees of $34,421.50 and expenses of $2,198.58. The order recited,

> The fees and expenses in the Verified Accounting were paid directly to the Attorney ad Litem by the Incapacitated Person while the guardianship proceeding was pending and without Court authority. The fees are subject to disgorgement. The request to ratify expenses in the Verified Accounting in the amount of $293.38 should be approved. The request to ratify attorneys' fees in the amount of $7,448.75 and expenses in the amount of $111.16 should be denied.
> 
> • • •
>
> IT IS FURTHER ORDERED that attorneys' expenses in the amount of $293.38 in the Verified Accounting are ratified and approved. The fees

in the amount of $7,448.75 and expenses in the amount of $111.16 found in the Verified Accounting are denied. The Guardian of the Estate is authorized to set off the total disgorged amount of $7,559.91 against the approved fees and expenses and pay the amount of $10,688.89 to the Attorney ad Litem when funds become available.

Appellant filed a motion for new trial, a motion to modify the order, and an amended motion for new trial. The record does not contain written orders disposing of the post-trial motions. Appellant filed a notice of appeal on October 27, 2021.

### ISSUE ONE: FINDING ON BREACH OF FIDUCIARY DUTY

Appellant primarily argues, "The probate court made no findings of breach of duty as are required to authorize the forfeiture of Appellant's fees [$7,559.91] as engaged counsel imposed by the probate court's order on appellant[']s Amended Fee Application." Appellant cites *Burrow v. Arce*, 997 S.W.2d 229, 234 (Tex. 1999), and *McGuire, Craddock, Strother & Hale, P.C. v. Transcontinental Realty Investors, Inc.*, 251 S.W.3d 890, 897 (Tex. App.—Dallas 2008, pet. denied). Appellant argues those judicial opinions require a finding of a breach of fiduciary duty for fee disgorgement. *See McGuire, Craddock, Strother & Hale, P.C.*, 251 S.W.3d at 897 (citing *Burrow*, 997 S.W.2d at 234). Neither the trial court nor the guardian ad litem addressed breach of fiduciary duty at the hearing on appellant's application for payment. The law of breach of fiduciary duty is not implicated.

The trial court's offset of $7,559.91 is authorized by section 1054.007(b) of the estates code. *See* Est. § 1054.007(b). Appellant argued in the trial court he was entitled to the $7,559.91 pursuant to section 1054.007(b) of the estates code. He

–8–

maintains that argument on appeal. Section 1054.007(b) provides: "An attorney ad litem appointed under this section is entitled to reasonable compensation for services provided in the amount set by the court, to be taxed as costs in the proceeding." EST. § 1054.007(b). In interpreting statutes, we must look to the statute's plain language, construing the text in light of the statute as a whole. *See Silguero v. CSL Plasma,, Inc.,* 579 S.W.3d 53, 59 (Tex. 2019). If the statute's plain language is unambiguous, we interpret its plain meaning, presuming that the legislature intended for each of the statute's words to have a purpose and that the legislature purposefully omitted words it did not include. *See id.* We conclude section 1054.007(b) in plain terms requires court action for payment to an attorney ad litem. *See* EST. § 1054.007(b) (requiring determination of "reasonable compensation" for an attorney ad litem's services "in the amount set by the court," to be taxed as costs in the proceeding.).

Moreover, the trial court's order contained a finding sufficient to support the offset of fees and expenses. As noted, the order recited: "The fees and expenses in the Verified Accounting were paid directly to the Attorney ad Litem . . . and without Court authority." The same rules of interpretation apply in construing the meaning of court orders as in ascertaining the meaning of other written instruments. *See Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971); *Lal v. Harris Methodist Fort Worth*, 230 S.W.3d 468, 474 (Tex. App.—Fort Worth 2007, no pet.). The entire contents of an instrument and the record should be considered in

construing the meaning of a court order or judgment, and the order is to be read as a whole. *See id.* at 405; *Lal*, 230 S.W.3d at 474. *Palomin v. Zarsky Lumber Co.,* 26 S.W.3d 690, 694 (Tex. App.—Corpus Christi-Edinburg 2000, pet. denied). We conclude the order's finding sufficiently describes appellant's failure to comply with section 1045.007(b). *See* Est. § 1054.007(b). We also conclude the finding supports the trial court's offset of $7,559.91. Our interpretation of the order is consistent with the trial court's statements during the hearing on appellant's application. *See Lone Star Cement Corp.,* 467 S.W.2d at 405 (we consider the record when construing the meaning of a court order). The trial court stated appellant "circumvented" procedures for payment by receiving fees directly from Mascorro. We reject appellant's argument that the order fails to contain a finding sufficient to authorize the trial court's offset of $7,559.91.

Appellant argues Mascorro was not adjudged to be incapacitated, contrary to the order's recitation, in July and August 2020 when appellant directly invoiced and received payment from him. He cites one opinion, *Dubree v. Blackwell*, 67 S.W.3d 286, 289 (Tex. App.—Amarillo 2001, no pet.) ("Absent proof and determination of mental incapacity, a person who signs a document is presumed to have read and understood the document."). We have concluded, above, that the trial court's order is based on section 1054.007(b) of the estates code. That statute contains no distinctions concerning Mascorro's capacity at the moment he signed appellant's engagement letter. Appellant asks us to rewrite section 1054.007(b) to include such

a distinction. We may not and do not attempt to do so. *See Lee v. City of Houston*, 807 S.W.2d 290, 294–95 (Tex. 1991) ("A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute."); *S. Cent. Jurisdictional Conf. of United Methodist Church v. S. Methodist Univ.*, No. 05-21-00151-CV, 2023 WL 4758676, at *24 (Tex. App.—July 26, 2023, no pet. h.) (same). The trial court did not abuse its discretion in interpreting and applying section 1054.007(b) as written. Moreover, any presumption of Mascorro's capacity is undermined by statements of the trial judge and in a superseded application filed by appellant. At the hearing on appellant's application, the trial judge said, "You [appellant] circumvented this process and you went and got paid directly from him [Mascorro] at a time when there was conflicting testimony about—or evidence out there about his ability to handle his financial affairs." Appellant stated in his October 23, 2020 attorney ad litem application for payment, quoted above, that the absence of judicial determination of Mascorro's capacity created "doubt" concerning "authorization to pay the fees and reimburse expenses" directly to appellant. Consequently, appellant submitted the initial application "for action by the Court." We reject appellant's presumed-capacity argument.

Appellant argues no court orders were in effect to restrain Mascorro from directly paying attorney's fees to him for services performed as retained counsel. Appellant ignores applicability of section 1054.007(b) of the estates code. As noted,

section 1054.007(b) requires judicial action for payment to an attorney ad litem. We reject appellant's argument.

Appellant asserts, "To allow disgorgement of fees of such engaged counsel implicitly violates the proposed ward's right to independent counsel in place of or in addition to an attorney ad litem." He also argues "a proposed ward and his estate may benefit from representation by counsel of choice rather than a lawyer selected by the court." Appellant fails, however, to demonstrate the order resulted in a violation of right to independent counsel or in detriment to Mascorro. Consequently, we reject the arguments.

We overrule appellant's first issue.

### ISSUE TWO: COMPENSTATION PURSUANT TO THE ESTATES CODE

Appellant argues the order denies him $7,559.91 compensation to which he is entitled under section 1054.007(b) of the estates code.

As noted, section 1054.007(b) of the estates code provides: "An attorney ad litem appointed under this section is entitled to reasonable compensation for services provided in the amount set by the court, to be taxed as costs in the proceeding." EST. § 1054.007(b). Moreover, "The amount of compensation awarded to the ad litem lies within the sound discretion of the trial court. . . . A reviewing court will not overturn a fee award absent evidence showing a clear abuse of discretion." *In re Guardianship of Glasser*, 297 S.W.3d 369, 377 (Tex. App.—San Antonio 2009, no

pet.) (citing *Brownsville-Valley Reg'l Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 756 (Tex. 1995) (citing *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 794 (Tex. 1987)). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles of law. *See Johnson v. Evans*, No. 14–08–00610–CV, 2010 WL 431293, at *6 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, pet. denied) (mem. op.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

Appellant argues, "The Court's Order makes a finding in its second paragraph as to an amount of compensation which the court finds to be reasonable but then takes it away[.]" Appellant cites to section 1054.007(b) of the estates code. Est. § 1054.007(b). Appellant ignores that section 1054.007(b)—the statute he invokes— provides for the judicial procedure the trial court stated appellant had "circumvented" by receiving fees and expenses directly from Mascorro while he was Mascorro's attorney ad litem. Given section 1054.007(b)'s requirement that attorneys ad litem apply for payment through judicial proceedings, the trial court's statement that appellant "circumvented" the procedure for payment by directly receiving payment from Mascorro, appellant's failure to contest he received the $7,559.91 directly from Mascorro while he was Mascorro's attorney ad litem, the order's finding that appellant received $7,559.91 payment directly from Mascorro, and the trial court's discretion in awarding fees to attorneys ad litem, we cannot conclude the trial court acted arbitrarily, unreasonably, or without reference to any

–13–

guiding rules and principles of law in setting off $7,559.91 in fees and expenses. *See* EST. § 1054.007(b); *Glasser*, 297 S.W.3d at 379 (citing *Brownsville-Valley Reg'l Med. Ctr., Inc.*, 894 S.W.2d at 756 (citing *Simon*,739 S.W.2d at 794)); *see also Johnson*, 2010 WL 431293, at *6 (citing *Downer*, 701 S.W.2d at 241-42).

Appellant posits three more arguments. First, appellant repeats arguments concerning Mascorro's capacity we rejected in considering his first issue. We reject them here for reasons previously stated. *See* TEX. R. APP. P. 47.4.

Second, appellant argues "the Court's order incorrectly assumes the court must ratify or approve payments made direct to engaged counsel." He cites to *In re Kelm*, 569 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding). *Kelm* is inapposite. Unlike here, *Kelm*'s focus was an attorney's qualifications to represent a proposed ward. *See id.* at 239 ("Kelm contends that the trial court clearly abused its discretion by ruling that she could not retain [retained counsel] because he lacked a certification purportedly required by the Estates Code."). Moreover, *Kelm* did not involve an acting attorney ad litem who collected fees directly from a proposed ward. *See Kelm*, 569 S.W.3d at 233-41. As we concluded above, the plain words of section 1054.007(b) provide an attorney ad litem is entitled to reasonable compensation in an amount determined and set by "the court." EST. § 1054.007(b).

Third, appellant argues the trial court "approved Appellant's role in the proceedings" and "implicitly recognized the proposed ward's capacity to contract."

He relies on section 1054.006(b) of the estates code and on the trial court's July 6, 2020 order. Section 1054.006(b) provides,

> If the court finds that the ward or the proposed ward has capacity to contract, the court may remove an attorney ad litem appointed under Section 1054.001 or any other provision of this title that requires the court to appoint an attorney ad litem to represent the interests of a ward or proposed ward and appoint a ward or a proposed ward's retained counsel.

EST. § 1054.006(b). Appellant argues, "The above procedure is exactly the course followed in this case. . . ." He notes on July 6, 2020, the trial court signed an order revoking the appointment of the initially appointed attorney ad litem and appointed him as successor attorney ad litem. From this he argues,

> The court had accordingly already approved Appellant's role in the proceedings. In so doing, the Court implicitly recognized the proposed ward's capacity to contract since Estates Code § 1054.007(b) (sic), quoted above, only authorizes appointment of the engaged counsel "[I]f the court finds that the ward or the proposed ward has capacity to contract . . . ."

The appellate record undercuts appellant's argument. The court did not appoint appellant as attorney ad litem pursuant to section 154.006(b) of the estates code. We note the court entered its order pursuant to "the agreement of the parties." At the hearing on appellant's application, the guardian ad litem informed the court "[Appellant] and I had an agreement with [other counsel] in July that [appellant] would be the successor attorney ad litem to me and I would be the guardian ad litem so we could avoid a motion to show cause [other counsel] threatened because it was his client's position, at the time, that [Mascorro] didn't have sufficient capacity to

–15–

hire [appellant] privately." Moreover, we note counsel for Mascorro's son read the agreement into the record during a July 1, 2020 hearing. He recited:

> Item 4, the parties agree that Adriane Grace will ask the Court to appoint her as guardian ad litem of the proposed ward and that the Court appoint Robert Hemphill as attorney ad litem for the proposed ward. The Applicant will not file a motion under Rule 12 to challenge Mr. Hemphill's authority to act as counsel for the proposed ward.

Consequently, the purpose of "Item 4" of the agreement was to "avoid," as the guardian ad litem stated, a hearing and court determination on Mascorro's capacity. Moreover, the order modifying appointments of ad litems recited the trial court considered the agreement and referred to the agreement in its provisions appointing appellant as attorney ad litem. The July 6, 2020 order appointing appellant attorney ad litem contained no finding concerning Mascorro's capacity. Indeed, appellant argued in his amended motion for new trial, "The court did not make a finding as to capacity until a year later, June 2021, when the court entered its guardianship order." The record does not support appellant's section 1054.006(b) argument that the trial court implicitly recognized Mascorro's capacity to contract.

The trial court did not abuse its discretion.

We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's order.

210940f.p05

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE THE GUARDIANSHIP OF
SAMUEL ALLEN MASCORRO,
JR., AN INCAPACITATED
PERSON, ROBERT D. HEMPHILL

No. 05-21-00940-CV

On Appeal from the Probate Court
No. 2, Dallas County, Texas
Trial Court Cause No. PR-20-01956-
2.
Opinion delivered by Justice
Pedersen, III. Justices Goldstein and
Smith participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of August, 2023.