**Affirmed and Memorandum Opinion filed July 16, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00880-CV

---

### C. D., Appellant

### V.

### D. D., Appellee

---

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-00064**

---

## MEMORANDUM OPINION

In this appeal from a final order terminating the parent-child relationship, appellant and self-represented attorney C.D. (Mother) challenges only the trial court's award of legal fees to the appointed amicus attorney. In five issues, Mother argues the trial court erred in (1) appointing an amicus attorney to represent the child's best interests and (2) awarding $2,999.07 in legal fees to the amicus attorney appointed by the court. We affirm the final order of the trial court.

## I.    BACKGROUND

Mother filed a petition to terminate the parent-child relationship between Mother and her fourteen-year-old child in Harris County, the county in which the child resides. After the child's father appeared and answered, the trial court appointed an amicus attorney.[1] Mother objected to the appointment because no party had requested the appointment and Mother believed that given the age of the child and the straight-forward nature of the proceedings no amicus appointment was warranted.

At mediation, Father and Mother agreed to the termination of the parent-child relationship between Mother and the child. The amicus also agreed to the termination. However, Mother would not agree to pay the fees the amicus incurred.

A trial was held on the issue of the amicus's fees. After trial, the trial court signed a final order terminating the parent-child relationship and ordered Mother to pay $2,999.07 of the $4,498.84[2] in outstanding legal fees for the services of the amicus.[3]

---

[1] Father has not appeared or filed a brief in this appeal. Accordingly, we accept as true the facts stated in Mother's appellant's brief if those facts are supported by the appellate record because Father has not contradicted them. Tex. R. App. P. 38.1(g).

[2] In its first order appointing an amicus attorney, the trial court ordered the fees of the amicus to be shared equally between Mother and Father. The total billed by the amicus was $5,999.70, of which $4,499.40 was outstanding at the time of trial. At the time of trial, Father had already paid $1,500.

[3] The "agreed order terminating parent-child relationship" which requires the parties to pay the legal fees of the amicus is a final, appealable order. *See* Tex. Fam. Code Ann. § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); Tex. Fam. Code Ann. § 161.206 ("Order Terminating Parental Rights"). There were motions for sanctions filed by both parties pending at the time the final order was rendered. Unlike a pending cause of action, a pending motion for sanctions does not make interlocutory an otherwise-final judgment. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000) ("[W]e agree that a judgment does not have to resolve pending sanctions issues to be

## II.   ANALYSIS

## A.   Appointment of amicus attorney

In issue 1, Mother argues the trial court abused its discretion when "it *sua sponte* entered an onerous order without any guidance, without any request, without any notice, without any hearing, without any evidence, and without any reliance on any law."

Mother filed an initial written opposition to the appointment, which stated only that the trial court's ruling was improper and did not address any of the statutory requirements. She filed another document in which she again objected to the appointment of the amicus and requested that the trial court vacate the order. In her objection and request, she complained that the trial court did not properly consider the statutory requirements. However, Mother did not offer any evidence or argument on any specific statutory consideration that would weigh against a conclusion that the amicus was warranted. The only consideration Mother cited was that the child was old enough to testify and express her desires in court. But the fact that the child was old enough to come to court and testify is not a statutory consideration for the trial court. There is no indication in the record that Mother's objection was ever presented to the trial court, heard by the trial court, or ruled on by the court. *See* Tex. R. App. P. 33.1. Therefore, this issue has not been preserved for appellate review.

We overrule issue 1.

## B.   Compliance with the Family Code

In issue 2, Mother argues the trial court abused its discretion when it refused

---

final"). The two pending motions for sanctions did not preclude the order terminating Mother's parental rights from becoming final. Therefore, we have jurisdiction to review Mother's appeal from that order.

to consider and comply with the mandatory fact-finding analysis required by the Family Code. Specifically, Mother argues that the trial court did not conduct an evidentiary analysis and did not make the findings required by statute. She again attacks the trial court's order appointing the amicus as erroneous.

In a suit requesting termination of the parent-child relationship that is not filed by a governmental entity, the court shall, unless the court finds that the interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests, appoint either an amicus attorney or attorney ad litem. Tex. Fam. Code Ann. § 107.021(a).

In determining whether to make an appointment under this section, the court shall give due consideration to the ability of the parties to pay reasonable fees to the appointee; and balance the child's interests against the cost to the parties that would result from an appointment by taking into consideration the cost of available alternatives for resolving issues without making an appointment and may make an appointment only if the court finds that the appointment is necessary to ensure the determination of the best interests of the child. Tex. Fam. Code Ann. § 107.021(b). Section 107.023 authorizes awards of reasonable fees and expenses to appointed amicus attorneys. Tex. Fam. Code Ann. § 107.023(a).

Although Mother argues the trial court sua sponte raised the appointment of an amicus, section 107.021 reflects that such action is appropriate as the statute states the trial court "shall" appoint an amicus unless the trial court finds the child's interests are adequately protected by a party to the proceeding. Mother cites no authority for her proposition that an amicus should only be appointed if requested by the parties. The statute also does not require an evidentiary hearing as Mother's argument on appeal implies. Nor does the statute require the trial court to

4

make its findings in writing.[4]

To the extent that Mother asserts the trial court failed to consider all pertinent evidence as required by statute, the record does not reflect that Mother presented any other facts or information to the trial court (other than asserting the child was old enough to testify in court). The record does not reflect that Mother sought a hearing or reconsideration of the order appointing the amicus. She did not present her objection regarding the amicus to the trial court and receive a ruling. Therefore, we conclude this issue has not been preserved for appellate review.

We overrule issue 2.

## C.    Trial court's adoption of agreed order

In issue 3, Mother argues that the trial court's titling of the final order terminating the parent-child relationship as "agreed" was in error because Mother did not agree to the order.[5] Although Mother offers no specific argument on this issue, it appears that the trial court used a proposed agreed order drafted by Father and added some language regarding payment of amicus fees.

The final order is titled "agreed" and internally repeats that the terms are agreed, Mother did not sign the judgment and thus it is not an agreed judgment. The same rules of interpretation apply in construing the meaning of court orders as in ascertaining the meaning of other written instruments. *See Lone Star Cement*

---

[4] Although Mother requested findings of fact and conclusions of law with respect to the trial court's appointment of the amicus, Mother offers no authority, here or in the trial court, reflecting a duty on the trial court to file written findings of fact and conclusions of law supporting its decision to appoint an amicus attorney. Under Rule 296, findings of fact and conclusions of law are not generally applicable to interlocutory orders signed by the trial court. *See* Tex. R. Civ. P. 296.

[5] We note that one of Mother's requests for relief is that this court "vacate the trial court's agreed order in the use of the trial court's repeated use of the term 'agreed[.]'" However, this court cannot vacate the trial court's judgment in part. If we were to vacate the judgment, we must vacate the entire judgment.

*Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971). The entire order is to be read as a whole. *Lal v. Harris Methodist Fort Worth*, 230 S.W.3d 468, 474 (Tex. App.—Fort Worth 2007, no pet.). Here, reading the order as a whole including the lack of signature by Mother, it is clear the order is not agreed.

However, Mother did not preserve error by objecting to the form of the final order to the trial court nor has she alleged any reversible error. *See* Tex. R. App. P. 33.1 (record must show "complaint was made to the trial court by a timely request, objection, or motion"); 44.1 ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment.").

We overrule issue 3.

## D. Rendition of judgment in favor of the amicus

In issue 4, Mother argues the trial court abused its discretion by rendering judgment in favor of the amicus. In support of this allegation of error, Mother asserts that the amicus did not add any value to the proceedings. She further complained of the various expenses claimed by the amicus and the amicus's hourly rate.

Mother made these arguments and objections about the cost and expenses of the amicus at the trial, which the trial court implicitly overruled by awarding the amicus the full amount of fees requested. Although Mother claims that "[n]one of the amicus fees were legally reasonable," the amicus proved up her qualifications, testified to her hourly rate, and provided documentation and testimony describing the 17 hours of time she expended on the case.

The role of an amicus attorney appointed by the court in a suit, other than a

6

suit filed by a governmental entity, is to provide legal services necessary to assist the court in protecting a child's best interests. Tex. Fam. Code Ann. § 107.001(1). The Family Code also details the powers and duties of an amicus attorney, which include, as relevant here, that an amicus shall: (1) interview the child; (2) interview the parties to the suit; (3) investigate the facts of the case; and (4) participate in the conduct of the litigation to the same extent as an attorney for a party. Tex. Fam. Code Ann. § 107.003(1).

With respect to the fees of an amicus, the trial court shall "determine the fees and expenses of an amicus attorney . . . by reference to the reasonable and customary fees for similar services in the county of jurisdiction." In challenging the time spent on the case by the amicus, Mother did not identify any activities inconsistent with the statutory duties of an amicus attorney. In challenging the hourly rate of the amicus, Mother argued that the hourly rates paid by Harris County for criminal appointments should be used to compensate the amicus. However, Mother offered no expert testimony or explanation of how such rates reflect reasonable and customary fees for family law matters. In sum, we cannot say the trial court abused its discretion in awarding the amicus the total fees billed.

We overrule issue 4.

## E.    Apportionment of amicus fees

In issue 5, Mother argues that the trial court abused its discretion, without any evidence, by apportioning remaining amicus fees "66% against [Mother] and 33% against [Father]." Mother offers no specific argument in her brief on this topic.

To the extent that Mother is attempting to argue the trial court abused its discretion by apportioning the fees unequally between the parties, Mother

misconstrues the evidence at trial. The amicus testified that the total billed for her services was $5,999.70. Because Father made a payment before trial of $1,500, the amount outstanding at trial was $4,499.70. At the time of trial, Mother had made no payments to the amicus. The final order of the trial court ultimately effected an even split of the amicus fees between Mother and Father. Mother also has not preserved any error with respect to the apportioning of the amicus fees by the trial court as she did not object to the apportionment of fees in the trial court.

We overrule issue 5.

## III.   CONCLUSION

Having overruled all five issues Mother raised on appeal, we affirm the final order of the trial court as challenged on appeal.

/s/ Charles A. Spain
   Justice

Panel consists of Justices Wise, Spain, and Hassan.